In the Matter of the Application of the MUNICIPAL GAS COMPANY OF THE CITY OF ALBANY for a Peremptory Mandamus Order against JAMES M. NOLAN, Superintendent of the Bureau of Buildings of the City of Albany.

MUNICIPAL GAS COMPANY OF THE CITY OF ALBANY, Plaintiff, *v.* CITY OF ALBANY, Defendant.

Supreme Court, Sullivan Special Term, October, 1923.

**Municipal corporations — ordinances of city of Albany prohibiting erection of gas tanks within city limits unconstitutional — mandamus — statement by superintendent of bureau of buildings that he had no right to grant permit constitutes a refusal to act and mandamus will be granted — board of appeals has no power under Laws of 1921, chap. 221, to nullify or pass upon constitutionality of ordinance — petitioner not bound to appeal from decision of superintendent of bureau of buildings denying permit.**

An ordinance of the city of Albany which expressly provides that no gas tank, gas holder or container for the purpose of storing illuminating gas shall after June 4, 1923, be erected within the corporate limits of the city, and repealing all ordinances or parts thereof inconsistent with said ordinance, is unconstitutional and of no force and effect.

Such an ordinance is not only unreasonable and arbitrary but it seeks to modify or destroy the legislative purposes in the creation and regulation of the conduct of the petitioner herein, a gas company which was duly incorporated in 1885

under chapter 37 of the Laws of 1848 for the purpose of manufacturing and supplying gas for lighting streets and private buildings in said city.

The demand for gas having rapidly increased in the last few years, the petitioner applied to the superintendent of the bureau of buildings for a permit to erect a three-million cubic foot gas holder on its own land within the city limits where its plant was situated.   On June 21, 1923, after plans, specifications and information had, in compliance with the requirements of the building code of the city, as claimed by petitioner, been filed by it with said superintendent with request that a permit be granted for the erection of the gas holder upon the site asked for, the superintendent returned the papers to the general manager of the petitioner with a letter stating that he had not examined the plans and specifications in detail because of the ordinance of June 4, 1923, and that he was without authority to issue the permit.   *Held,* that said letter was a declination and a refusal to act and an order of mandamus directing said superintendent to receive the application of petitioner together with the papers submitted therewith and to examine the same and to issue the permit asked for provided the papers accompanying said application complied with the Building Code of the city of Albany, will be granted, with costs.

While the board of appeals created by chapter 221 of the Laws of 1921 which amended the act (Laws of 1909, chap. 551) creating a bureau of buildings in the city of Albany is given power to review a decision or determination of the superintendent of the bureau of buildings, a provision of said amendatory statute that " Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, the board of appeals shall have the power, in passing upon appeals, to vary and modify any rule or regulation, or the provisions of any existing law or ordinance relating to the construction, structural changes in equipment, alterations, or removal of building or structures so that the spirit of the law shall be observed, public safety secured, and substantial justice done," does not give said board of appeals power to absolutely nullify or pass upon the constitutionality of the city ordinance.

If the ordinance in question was valid not only the superintendent of the bureau of buildings but the board of appeals would be absolutely bound thereby, and a contention on the part of the city that it was incumbent upon the petitioner to take an appeal under the said statute of 1921, and exhaust its legal remedies before it could proceed by action with a temporary injunction or by an application for an order of mandamus was hardly consistent with a further contention that said ordinance was a valid and proper police regulation.

APPLICATION for peremptory mandamus.
APPLICATION for a temporary injunction.

*Neile F. Towner,* for plaintiff, for motion.

*Gilbert V. Schenck,* corporation counsel, for city of Albany and for James M. Nolan, superintendent of the bureau of buildings of the city of Albany, opposed.

ROSCH, J.   Both of these motions were argued together, and will be considered and disposed of in this opinion.   It appears that the Municipal Gas Company of the city of Albany is a domestic gas and electrical corporation, incorporated July 13, 1885, under chapter 37 of the Laws of 1848, for the purpose of manufacturing and supplying gas for lighting streets and private buildings in the city of

Albany; that in the year 1916 the common council of the city of Albany, pursuant to statute, passed a Building Code which was afterward approved by the mayor of the city, and which has been amended from time to time, requiring applications for permission for the erection of buildings and structures in the city to be made to the superintendent of the bureau of buildings, such applications to be accompanied by plans and specifications and statements. In case such plans, specifications and statements comply with the Building Code, it is the duty of the superintendent of the bureau of buildings to issue to such applicant permit for the building of such building or structure.

In June of the present year the petitioner applied to the superintendent of the bureau of buildings of the city of Albany to issue to it a permit for the erection of a 3,000,000 cubic foot gas holder on property belonging to petitioner, on the easterly side of Broadway upon land which was there owned by the petitioner, and where its gas plant is situated. The proposed location of the gas holder is approximately 500 feet east of Broadway, and is designated as " No. 3 " on a map or plan submitted upon these applications.

Sometime prior to the submission of the plans of the proposed construction, and, as it may be reasonably assumed, after there had been some discussion and agitation in relation to the proposed construction, opposition arose as to the proposed erection of the additional gas holder, and on the 4th day of June, 1923, an ordinance was passed by the common council of the city of Albany, and approved by the mayor, which provided: " No gas tank, gas holder, or container, for the purpose of storing illuminating gas, shall hereafter be erected within the corporate limits of the city of Albany. All ordinances, or parts of ordinances, inconsistent with the provisions of this ordinance are hereby repealed." The ordinance also provided that the same should take effect immediately.

On the 21st day of June, 1923, after the submission of the plans and specifications for the proposed gas holder, together with blueprints showing the foundation of the holder and site of the holder adjoining the tracks of the Delaware and Hudson Railroad Company, with the request that a permit for the erection of such holder at that site be granted, the superintendent of the bureau of buildings returned the papers to the gas company with a letter stating that he had not examined the plans and specifications in detail, because of the fact that the city ordinance passed by the common council June 4, 1923, prohibited the erection of such tank within the city limits, and which communication stated that he, therefore, did not have authority to issue a permit for the erection of a gas tank, as described in the application, at the location set forth.

It is claimed by the Municipal Gas Company that the plans and specifications and information filed by the commissioner with the superintendent of the bureau of buildings for said gas company were in compliance with the requirements of the Building Code of the city of Albany. It appears from the papers submitted, and from the maps, blueprints and plans, that the real property upon which the petitioner has applied to erect the gas holder has a frontage on Broadway in the city of Albany of about 400 feet, with an approximate depth of about 690 feet. Upon this land there has been maintained, for a number of years, the plant of the gas company, where the gas has been manufactured, and since 1907 there has been maintained upon their plant, and near Broadway, a holder with a capacity of 2,000,000 cubic feet. The proposed gas holder No. 3, as its location is shown upon the papers submitted, would be a distance of about 350 feet, at the nearest point, to the present gas holder. It is contended by the gas company that it is necessary that the holder capacity at the gas plant should equal the maximum output for twenty-four consecutive hours, and it appears that the demand for gas has increased rather rapidly in the last few years. It appears that the petitioner's business has increased to such an extent that the maximum output of gas for twenty-four consecutive hours has exceeded 3,623,000 cubic feet, and it is urged by the gas company that it has become absolutely essential, in order that it might adequately supply its customers, to increase its holder capacity. In the early part of the year 1923 the gas company claims to have entered into a contract for the erection of the additional gas holder.

No other person, firm or corporation, other than the Municipal Gas Company of Albany, is manufacturing and selling gas within the city limits or within the territory served by this gas company. It is urged by the gas company that the ordinance of June 4, 1923, is unreasonable and unnecessary, and in violation of the Constitution of the United States and the Constitution of the State of New York, and on account thereof is inoperative, invalid, illegal, null and void, and of no force and effect. It is urged in the above-entitled proceeding by the gas company that a peremptory mandamus order should be issued to compel the superintendent of the bureau of buildings to receive the application of the petitioner for a permit for the erection of a 3,000,000 cubic foot gas holder on premises referred to, and requiring the superintendent of the bureau of buildings to examine the same and issue permit to said petitioner for the erection of said gas holder provided said papers accompanying the application comply with the Building Code of the city of Albany.

It is contended on the part of the city and its superintendent of the bureau of buildings, through the corporation counsel, that the ordinance in question is a valid and proper police regulation, and for that reason both of the applications should be denied. It is further urged, in behalf of the city, and its superintendent of the bureau of buildings, that, under chapter 221 of the Laws of 1921, a right of appeal existed in behalf of the gas company from the act and decision of the superintendent of the bureau of buildings to a board of appeals established under that law which would consist of the commissioner of public works, commissioner of public safety, corporation counsel, an architect, and a practical builder. It is claimed that the duty was incumbent upon the gas company to pursue its appeal and exhaust its legal remedies before it could proceed either by action with temporary injunction or by mandamus order.

Of the two propositions urged by the corporation counsel the one last stated will be first considered. The two contentions made are hardly consistent. If the ordinance is a valid one, not only the superintendent of the bureau of buildings but the board of appeals will be absolutely bound by its provisions. There is, however, in the law (Laws of 1921, chap. 221) this language: " Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, the board of appeals shall have the power, in passing upon appeals, to vary and modify any rule or regulation, or the provisions of any existing law or ordinance relating to the construction, structural changes in equipment, alterations, or removal of buildings or structures, so that the spirit of the law shall be observed, public safety secured, and substantial justice done." That, however, does not give to the board of appeals the power to absolutely nullify or pass upon the constitutionality of a city ordinance. The very spirit and purpose of the ordinance in question was to prevent absolutely, because by express language it forbids the erection of a gas container within the city limits. The purpose of the statute referred to is to give the board of appeals the power of review of a decision or determination of the superintendent of the bureau of buildings. Under the facts, as disclosed by the affidavits and papers submitted in the mandamus proceeding, it appears that the superintendent of the bureau of buildings, instead of acting upon the plans and specifications and the request for the issuance of a permit for the erection of the gas holder, returned the papers, stating that he had not examined the plans or specifications because of the fact that the city ordinance prohibited the erection of a tank within the city limits, stating further that he, therefore, had no authority to issue

a permit for the erection of a gas tank, described in the application, at the location set forth.

The clear intent and purport of his communication of June twenty-first to the general manager of the gas company was a declination and a refusal to act. It cannot be contended that he exercised any discretion or judgment, and there was no act or determination for review, either by the board of appeals or by certiorari. Furthermore, neither the superintendent of the bureau of buildings nor the board of appeals had any power to pass upon the constitutionality of the city ordinance, and they were both bound by its provisions. If the ordinance is invalid, then it seems that the petitioner has pursued the proper remedy in seeking a peremptory mandamus order requiring the superintendent of the bureau of buildings to receive and act upon the application of the petitioner for a permit for the erection of the gas holder.

As to the question whether or not the ordinance is in violation of the Constitution of the United States and the Constitution of the state of New York, and is unreasonable and unnecessary, there are a number of facts to be considered. The gas company is a corporation created and regulated by the provisions of the law of the state. It is a transportation corporation, and required, under the provisions of its franchise, and under the provisions of the laws under which it was incorporated and has been continued, to furnish gas to the inhabitants of the city of Albany. By general and special act of the legislature, the gas company has obtained the right to manufacture gas. Under the provisions of the Transportation Corporations Law, it is obligated to furnish gas to the owner or occupant of any building or premises within 100 feet of any of its mains and, in the event of its failure to do so, upon proper application, with a reasonable deposit being made, is subjected to penalties under the law. It cannot be consistently urged and has not been urged, but that the ordinance in question, although it appears to be most general in its scope, is aimed at the proposed construction of the gas holder by the Municipal Gas Company. Such proposed construction seems to have been the reason for the passing and approval of the ordinance. It is urged that the gas holder might be placed without the city limits, but such argument does not seem to comprehend that possibly other communities, even though they be sparsely settled, would not be bound to accept the burden of something which is a necessity to a large and progressive city, and which, of necessity, must be maintained within a reasonable distance of the manufacturing plant.

From the number of affidavits submitted, it appears that there is something objectionable in the gas holder adjacent to Broadway

as now maintained by the gas company. Of course, if such condition creates a private nuisance, the individual has his remedy on account thereof. It is urged, however, by the gas company that the very conditions which appear objectionable are due to the fact that the company has not sufficient storage capacity, and they cannot properly paint and care for the one holder on account of its continual use and operation.

The proposed holder is to be located 500 feet from the east side of Broadway. It is to be located in the section of the city shown by the proposed building zone map as that of one of the " Heavy Industrial Zones." It is to be located upon or in close proximity to the grounds and premises which have been used for the manufacture and storage of gas for over a quarter of a century. The court is not unmindful of the fact that a gas plant is, at times, obnoxious and somewhat offensive. Neither can the court be unmindful of the fact that it is a necessity. In the determination of the question of whether or not this ordinance is unreasonable and unconstitutional, there is not for consideration an ordinance which seeks to regulate the size of a holder or the location of a holder, or anything of a regulatory character. The ordinance is absolutely prohibitive. The business pursued by the gas company is a legitimate one. It is not seeking to establish in a new location a gas manufacturing plant with holders, but is merely seeking to build an additional equipment to care for and properly carry on its business. If it cannot properly conduct and carry on its business, if it cannot manufacture and have proper storage facilities for sufficient gas to supply municipalities in which it operates, then it cannot carry out its legitimate purposes. This ordinance is not only unreasonable and arbitrary, but it seeks to modify or destroy the legislative purposes in the creation and the regulation of the conduct of the gas company.

A mandamus order may issue directing the superintendent of the bureau of buildings of the city of Albany to receive the application of the petitioner for a permit for the erection of a 3,000,000 cubic foot gas holder on premises belonging to petitioner situated on the easterly side of Broadway in the city of Albany, N. Y., together with the specifications, plans and blueprints described in paragraph 5 of the petition in above-entitled proceeding marked " Schedules C, D and E," attached to the petition, and to examine same, and to issue a permit to the petitioner for the erection of said gas holder on said premises belonging to said petitioner situated on the easterly side of Broadway in the city of Albany, N. Y., on the site described as No. 3 on the blueprint attached to the petition in the proceeding, and marked " Schedule A," provided

said papers accompanying application comply with the Building Code of the city of Albany.

The application for a temporary injunction should be denied without prejudice and with leave to renew. It is difficult to see the necessity for the granting of a temporary injunction at this time. The mayor of the city is bound to enforce the ordinance of the city until the same is held to be invalid. Upon the application for the mandamus order that question has been passed upon. As long as that ruling holds, it is doubtful that there will be any interference from the officers or representatives of the city on account of the ordinance. The stipulation filed after the argument that a temporary or permanent injunction in the action shall be subject to plaintiff's having obtained from the superintendent of the bureau of buildings of the city of Albany, N. Y., the permit required by law to erect the gas holder described in the complaint does not obviate the objection that the injunction would be conditional, and it seems unnecessary at this time.

Application in above-entitled proceeding for mandamus order granted, with costs.

Application for temporary injunction denied, without prejudice to renew.

Ordered accordingly.