SOLOMON LOSICK, RESPONDENT, v. CHARLES BINDA,
BUILDING INSPECTOR OF THE TOWNSHIP OF WEE-
HAWKEN, AND THE TOWNSHIP COMMITTEE OF THE
TOWNSHIP OF WEEHAWKEN, APPELLANTS.

Argued May 29, 1925—Decided October 19, 1925.

The board of adjustment, created by the act of 1924, chapter 146,
    section 7, has no power to serve as an appellate body for the
    purpose of reviewing the legal or equitable character of the
    act of the building inspector in allowing or rejecting an applica-
    tion for a building permit.

On appeal from the Supreme Court, whose *per curiam* is
printed in 3 *N. J. Mis. R.* 421.

For the respondent, *Merritt Lane.*

For the appellants, *William S. Stuhr.*

The opinion of the court was delivered by

MINTURN, J.   The Supreme Court ordered the issuing of
a peremptory writ of *mandamus,* directed to the inspector of
the township of Weehawken and the township committee,
requiring them to issue a building permit to the relator.

The latter having title to a plot of ground upon Park
View avenue, in the township, within the circumscription of
the zoning ordinance, applied for a permit to erect an apart-
ment-house five stories in height, and to accommodate
twenty-six families.   This was refused by the inspector upon

the ground that under the provision of the zoning ordinance such a building could not be erected in that particular municipal zone. From that determination the relator appealed to the Supreme Court with the result stated.

It is urged now that this judgment should be reversed upon the ground that the relator was not the absolute owner of the *locus in quo,* but was a joint owner thereof with one Kaplan. Assuming that the relator held the property in part under some equitable trust for another, in addition to his own absolute ownership, the fact is immaterial, since the title is in him alone; and he was therefore legally qualified to make the application.

It is also urged that the application to the Supreme Court was premature, since under the act of 1924, chapter 146, section 7, a zoning board of appeals, or, as denominated in the statute, a board of adjustment was created for the purpose of dealing with properties peculiarly situated, with reference to the zoning requirements, and providing for equitable modifications in zoning regulations where it is apparent unnecessary hardship would result to an owner, if the provisions of the ordinance were literally enforced. That was the situation presented in *Allen* v. *Paterson,* 98 *N. J. L.* 661, and affirmed in 99 *Id.* 532, where upon *certiorari* the Supreme Court affirmed the proceedings of the board of adjustment ordering certain modifications of the requirements of the zoning ordinance, owing to the peculiar situation of a property owner, which required the modifications in application of the strict and universal enforcement of the provisions of the ordinance.

The board of adjustment, as its title indicates, was created by the act of 1924, solely for that purpose, and not to serve as an appellate body for the purpose of reviewing the legal or equitable character of the Inspectors' act in allowing or rejecting an application for a building permit.

The legal or constitutional questions involved in such procedure are not a subject-matter for the determination of that board, but must be presented for consideration as heretofore to the proper legal forum.

The final contention is that the Supreme Court was in error in declaring that the passing of the ordinance *sub judice* was not a reasonable and proper exercise of the powers of the township. The question thus presented is *res adjudicata,* since the determination by the Supreme Court, and the affirmation thereof by this court under circumstances essentially similar in the so-called Nutley case. *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; affirmed by this court in 99 *Id.* 389.

The judgment appealed from will therefore be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Katzenbach, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, JJ. 11.

*For reversal*—None.