H. KRUMGOLD & SONS, INCORPORATED, A CORPORATION, RESPONDENTS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, FRANK HAGUE, JOHN SAUL, A. HARRY MOORE, MICHAEL J. FAGEN AND WILLIAM B. QUINN, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, AND, JOHN SAUL, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, APPELLANTS.

Submitted May 29, 1925—Decided October 19, 1925.

1. The withholding of a building permit to the owner of lands to erect stores with apartments above upon a street zoned for residential purposes upon the ground that in the vicinity of said stores there is erected a high school, and there is also in contemplation the erection of two other schools, and that thousands of children must necessarily pass and repass said stores in attending said schools, is not justified under chapter 146 of the laws of 1924 (*Pamph. L.* 1924, *p.* 324) as being a proper exercise of the police power for the promotion of the public health, safety, morals and general welfare.

2. Where the state or any agency thereof seeks to restrict the use of private property under the guise of the police power, the restriction must bear some definite and substantial relation to the public welfare.

3. Where a zoning ordinance is ineffective to deprive an owner of property of his right to use the same for store purposes, no appeal to a board of appeals constituted under said ordinance is necessary as a prerequisite for an application for a writ of *mandamus*.

On appeal from the Supreme Court.

For the appellants, *Thomas J. Brogan.*

For the respondents, *Gross & Gross (Benjamin Gross,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Supreme Court awarding to H. Krumgold & Sons, Inc., a corporation, a writ of peremptory *mandamus* directing the issue of a building permit for the erection of a building upon lands owned by it. The case was argued in the Supreme Court at the March term, 1925. Immediately after the conclusion of the argument a peremptory writ was awarded. No opinion was filed. The Supreme Court gave its consent to the moulding of the pleadings for an appeal. It also permitted further testimony to be taken to be used on appeal. The appellants have availed themselves of this permission.

The facts disclosed by the record briefly are as follows: The respondent is the owner of a tract of land located at the southwest corner of the Hudson County Boulevard and Grant avenue, in the city of Jersey City. The tract has a frontage on the boulevard of ninety-eight feet and a frontage of fifty feet on Grant avenue. On December 24th, 1925, the respondent presented to the zoning commission of Jersey City an application to erect on this tract a four-story brick building containing six stores and fifteen dwelling apartments. Plans and specifications for the proposed building were filed on the same day with the building department. These plans were corrected in accordance with a suggestion of the city engineer and resubmitted. The corrected plans received the approval of the tenement house commission. The zoning

commission rejected the application. The rejection was based upon section 2 of an ordinance regulating and restricting the location of trades and industries, &c. This section provided that no building in which a business, trade or commercial enterprise is to be conducted should be erected within a residential district. The respondent's lands were located in a residential district. The building department, when the corrected plans were filed, which complied with the building code, referred the application for a permit to the board of commissioners of Jersey City. The respondent presented a petition addressed to the commissioners. This procedure was in accordance with an ordinance requiring the building department to refer such an application to the board of commissioners where stores were contemplated in the proposed building. On February 3d, 1925, the question of granting the permit came before the board of commissioners. After a hearing the commissioners denied to the respondent a permit because the plans for the proposed building provided for the construction of stores on the ground floor. The respondent then applied to the Supreme Court for a peremptory writ of *mandamus* which, as has been stated, was allowed.

The Supreme Court held that the present case came within the decision in *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; affirmed by this court 99 *Id.* 532, commonly known as the Nutley case. The appellants contend that the present case is not controlled by the Nutley case for two reasons—first, in the present case the city of Jersey City is endeavoring to prevent the erection of stores in a school section where thousands of children must necessarily pass and repass in order to attend school, which it is contended presents a different situation than in the Nutley case, where it was held that a combined store and dwelling in a residential section was not detrimental to the health, safety or general welfare of the community, and second, the statute of 1924 relating to zoning (chapter 146 of the laws of 1924), which had not been enacted at the time of the decision in the Nutley case enlarged the powers of a municipality in zoning

matters and gives the legal power to a municipality to zone lands, such as the respondent's premises, against industrial or commercial uses.

When chapter 146 of the laws of 1924 was enacted it expressly repealed the statute relating to zoning enacted in the years 1920, 1921 and 1922. By the provisions of the 1924 act the legislature sought to give to municipalities broader powers upon the subject of zoning than those contained in the acts repealed. The language of the 1924 act delegates to the governing body of municipalities the power for the purpose of promoting health, safety, morals or the general welfare of the community * * * to regulate and restrict the location and use of buildings, structures and land for trade, industry, residence or other purposes. It permits cities to zone districts and in such districts to regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures and lands. It designates the purposes which form the basis for zoning. They are given in the act as the lessening congestion of streets; securing safety from fire, panic or other dangers, promoting health and general welfare, providing adequate light and air; preventing overcrowding of land; avoiding undue concentration of population and facilitating the adequate provision of transportation, water, sewerage, schools and parks and other public requirements.

The appellants argue that the legislature by conferring upon municipalities the power to zone for lessening the congestion of streets, securing safety from fire, panic or other dangers, and for avoiding undue concentration of population and facilitating the adequate provision of schools, gave to Jersey City the right to prohibit the erection of stores in a locality where there is already erected a large high school, and two other schools are soon to be built, if the city commission, in the honest exercise of the power thus conferred believe that the erection of said stores would add to the hazard of life and limb of the children who would necessarily use, in going to and from the schools, the street upon which it is proposed to erect said stores.

Assuming for the purpose of argument that the provisions of the 1924 act referred to are sufficiently broad and ample to warrant the construction placed upon them by the appellants and to support the action of the city commission, it does not necessarily follow that the action of the city commission in refusing the granting, of the building permit is legal. A legislature cannot confer upon a municipality any power the exercise of which will deprive one of the rights guaranteed him by the constitution. Every owner of property has guaranteed to him the right of holding, using, enjoying and disposing of his property. It is true that every owner holds his property subject to the implied condition that it will not be used to the injury of others. Within proper limits his use thereof will be controlled for the promotion of the safety, health, morals or general welfare of the community. But when the state or any agency thereof seeks to restrict the use of private property under the guise of the police power the restriction must bear some definite and substantial relation to the public welfare. The restriction sought to be placed upon the respondent's property bears no definite and substantial relation to the public safety. The argument that stores near schools increase the dangers to scholars attending the schools is unsubstantial. If it be meant that the erection of stores would bring upon the streets more automobiles, the same thing could be said if an apartment-house was located upon the respondent's lot. The lot is located on the Hudson County Boulevard. This the testimony shows is a thoroughfare much traveled by automobiles. The city commission would not attempt, we think, the prohibition of the use of vehicles upon the avenue for the protection of children attending the schools, yet this would be more efficacious than the restriction sought to be imposed upon the respondent's lot by the prohibition of its use for commercial purposes. The present case cannot be differentiated in principle from the Nutley case.

The same reasoning is applicable to the argument advanced by the appellants that if stores were permitted to be erected they might later be used for saloon or other objec-

tionable businesses. If such reasoning were sanctioned any refusal to grant a building permit could be sustained as it is possible for any kind of a building to be used for objectionable purposes. If such were the law an owner of property would have no assurance that he would be permitted to make such use of his property, subject to the conditions re-referred to, as would yield to him the greatest return. If property was to be permitted to be thus restricted its value would be lessened and the growth of our municipalities impaired.

The last point argued by the appellants is that the respondent should have taken an appeal from the zoning commission's rejection of the application to the board of commissioners sitting as a board of appeal, which is created by the provisions of the Jersey City ordinance. The city commissioners rejected the respondent's application. The appellants now contend that the respondent should have appealed to the same commissioners under another name which refused to grant the building permit before the respondent is entitled to apply to the Supreme Court for a writ of *mandamus*. The answer to this proposition is that the ordinance is ineffective to deprive the respondent of its right to the use of its property for store purposes. The ordinance being void so far as it prohibits the proposed use of respondent's property, no appeal thereunder to the board of appeal was necessary.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 11.

*For reversal*—None.