BUILDERS' REALTY CORPORATION, RESPONDENT, v. FREDERICK BIGELOW, BUILDING SUPERINTENDENT OF THE CITY OF NEWARK, THE CITY OF NEWARK AND THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, APPELLANTS.

Argued October 21, 1925—Decided February 1, 1926.

When legal or constitutional questions are involved an appeal to a zoning board of adjustment is not a prerequisite to an application to the proper legal forum for appropriate relief, such board not being an appellate tribunal.

---

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 540.

For the appellants, *Jerome T. Congleton* and *Charles M. Myers.*

For the respondent, *Harry A. Augenblick.*

PER CURIAM.

The judgment under review herein should be affirmed.

In thus deciding, however, we hold that the observation in the opinion of the Supreme Court that an appeal to the zoning board of adjustment is a necessary preliminary to recourse to the courts, when legal or constitutional questions are involved, is erroneous and must be overruled upon the authority of the cases in this court of *H. Krumgold & Sons* v. *Jersey City, ante, p.* 170, and *Losick* v. *Binda, ante, p.* 157.

In the Losick case we held that zoning boards of adjustment were not created as appellate bodies and that legal or constitutional questions involved in zoning requirements were not a subject-matter for the determination of such boards, but must be presented for consideration to the proper legal forum; and in the Krumgold case, that an appeal to a zoning board of adjustment is not a prerequisite to an application for a writ of *mandamus.*

In all other respects we are satisfied with the *per curiam* of the Supreme Court, and affirm, for the reasons expressed in that deliverance.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.