William G. Clark and Mary E. Clark, Appellants, v.
Byron Greenlee, Appellee.

Gen. No. 38,336.

Opinion filed November 10, 1936.

FREDERICK A. GARIEPY, of Chicago, for appellants.

STEVENS, CARRIER & GRIFFITH, of Chicago, for appellee; GEORGE M. STEVENS and MELVIN L. GRIFFITH, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Petitioners filed a petition for a writ of mandamus to compel respondent to issue to them a permit authorizing the use of their property, in the Village of LaGrange, as a residence for two families. Respondent filed a general demurrer to the petition, which was sustained. Petitioners elected to stand by their petition and upon motion of respondent judgment was entered dismissing the petition. Petitioners then moved the court to certify the case to the Supreme Court for hearing under section 75 (ch. 110) of the Illinois Statutes, on the ground that the validity of a zoning ordinance of the Village, as it applied to petitioners' property, was involved and public interest required that it be reviewed by the Supreme Court. This motion was denied. The appeal to this court followed.

From the allegations of the petition it appears that petitioners were the owners of certain property at 46 South Waiola avenue, in the Village of LaGrange, Illinois; that the property is improved with a large two-story frame building containing six rooms on the first floor and six rooms on the second floor, and that the premises are equipped and adapted for comfortable use by single family units on each floor; that it has

been so constructed for four years and from a date after the passage of the zoning ordinance in question; that if the premises were used by two families for residence purposes the value of the property would be $20,000, and petitioners would receive an income of $2,040 a year from the same, but if the premises were used by a single family, as restricted by the ordinance, they would produce an income of $1,050 a year and the premises would have a value of only $12,000; that block 18, in which petitioners' property (lots 6 and 7) is located, has three different classifications or zoning restrictions; that the block is divided into 21 lots; that lots 1 to 11, both inclusive, are zoned or classified by the ordinance as Class "A" for single family residences; that lots 15 to 21, both inclusive, are zoned or classified for local business use; that three lots, 12, 13 and 14, are zoned and classified as Class "C" for multiple apartment buildings use; that one of said three lots is now occupied by a 34-apartment building; that the Village zoning ordinance (par. 1666) classifies the Village property into five divisions, known as:

"1. 'A' Residence Districts.

"2. 'B' Residence Districts.

"3. 'C' Residence Districts.

"4. Local Business Districts.

"5. Light Manufacturing Districts";

that subsection (1) of said paragraph provides that

"No building shall be erected or altered, nor shall any building or premises be used for any purpose other than is permitted in the District in which such building or premises are located";

that par. 1667 provides that in "A" Residence Districts buildings may be erected or used for the following purposes:

"1. Single Family Dwellings.

"2. Libraries and Public Museums.

"3. Churches and Temples.

"4. Schools and Colleges.

"5. Parks, Recreation Buildings and Country Clubs, not conducted as a business or for profit.

"6. Farming, Truck Gardening and Nurseries.

"7. Temporary buildings and uses for construction purposes for a period of not to exceed one year.

"8. Accessory uses incident to the above uses, including private garages, professional offices, home occupations, and signs advertising premises for sale or rent, but not including the conduct of any retail or wholesale business or manufacture";
that par. 1665 defines a single family dwelling as follows:

"A detached building having accommodations for and customarily occupied by one family only, and including a private garage with living quarters therein";
that "B" Residence District Regulations permit the erection, alteration or use of a building for:

"1. Two Family Dwellings.

"2. Boarding and Lodging Houses.

"3. Private Clubs not used for Hotel purposes.

"4. Institutions of an educational, philanthropic or eleemosynary nature.

"5. Greenhouses.

"6. Hospitals";
that par. 1676 of the zoning ordinance provides that the Building Commissioner alone can issue a permit for the desired use of the building in question, that petitioners applied for such permit, duly complied with the regulations of the zoning ordinance, and paid the three dollar fee required for a permit; that the permit was refused. The petition further alleges that about one-third of the area of block 18 is devoted to commercial use or zoned for local business purposes and that the said large 34-apartment building was erected thereon subsequent to the passage of the zoning ordinance and is adjacent to single family resi-

dence property; that nine of the 19 buildings in the block are devoted to business uses, one for the said building, and nine for single family residences; that the entire block is contiguous to the main business street, Burlington avenue, and is adjacent to the Chicago, Burlington & Quincy Railway, over which many suburban, freight, and through passenger trains pass daily; that block 18 contains a large parking place used by the public and by employees of the various stores and business enterprises located in the block; that the business enterprises in the block include a bank, numerous stores, professional offices and merchandising establishments, all of which are operated for profit; that block 17, located directly west and across the street from Stone avenue, which bounds block 18, is classified in three districts, Class ''A,'' Class ''C'' and ''Local Business,'' and that 50 per cent of the area of block 17 is zoned, classified and devoted to other than single family residences, which latter are located close to business houses, schools, a railway depot and other commercial enterprises; that the Village has a population of 10,000 and contains 167 residences which are used for housing or affording living quarters for boarders or roomers or for two families, although a large number of the 167 residences are within the district zoned and classified as ''A'' Residence District, for single family use; that this use was with the knowledge of respondent, the Building Commissioner, who is authorized and directed under par. 1680 of the zoning ordinance to enforce the provisions in regard to the use of the zoned property; that there was an immediate need for more housing facilities in the Village and that a great number of persons were using their property, classified as ''A'' Residence Districts, ''1. Single Family Dwellings,'' for housing two families, and that the addresses of 15 such places so zoned and so used were given to the Building Commis-

sioner; that he took no action to enforce the ordinance and to abate the violations although notice of the same had been given to him on numerous occasions prior to the filing of petitioners' petition; that the general taxes for the year 1930 on petitioners' property were $335.34; that if the property is restricted to a single family dwelling it is not self-supporting and cannot and will not produce enough income to pay the taxes, repairs, insurance, interest and other carrying charges; that if used as a two-family dwelling it would produce an income sufficient for such carrying charges; that the classification of petitioners' property as "A" Residence District, "1. Single Family Dwelling," does not tend to conserve or promote taxable values, but tends to destroy them; that such classification and restriction on the use of petitioners' property have no reasonable relation to the public health, general welfare or morals, and if sustained as valid will confiscate petitioners' property from inability of the property, so classified and restricted, to pay the taxes and other necessary expenses of maintenance; that the use of petitioners' property for occupancy by two families, if allowed by a permit from respondent, would permit petitioners to obtain a substantial return from the property without injury to the health, morals, public welfare or property rights of the Village or of other property owners in the vicinity and in the Village; that par. 1676 of the zoning ordinance reads as follows:

"No land shall be occupied or used and no building hereafter erected or altered shall be occupied or used in whole or in part for any purpose whatsoever until a certificate shall have been issued by the Building Commissioner stating that the building and use comply with all the building and health laws and ordinances and with the provisions of these regulations. No change of use shall be made in any building or part

thereof now or hereafter erected or altered, without a permit having been issued by the Building Commissioner, and no permit shall be issued to make such changes unless it is in conformity with the provisions of this ordinance or amendments thereto hereafter duly enacted. Nothing in this section shall prevent the continuance of the present occupancy or use of any existing building, except as may be necessary for the safety of life and property. . . .''

The petition also sets up par. 1680 of the ordinance, which is as follows:

''Any person, firm or corporation who violates, disobeys, omits, neglects or refuses to comply with or who resists the enforcement of, any of the provisions of this ordinance shall, upon conviction, be fined not less than Ten Dollars ($10), nor more than One Hundred Dollars ($100.00) for each offense. Each day that a violation is permitted to exist shall constitute a separate offense. The Building Commissioner is hereby designated and authorized to enforce this ordinance.''

The petition further alleges that the zoning ordinance, as applied to petitioners' property, is unconstitutional, void, unreasonable, arbitrary and without any justification in law.

Petitioners contend that the trial court erred in sustaining the general demurrer to the petition and in entering an order dismissing the petition.

From the record it appears that the trial court sustained the general demurrer on the sole ground that the petition alleged that petitioners had filed an application for a use permit under par. 1676 of the zoning ordinance and that they thereby recognized the validity of the ordinance and waived their right to contend that the ordinance was not valid. When petitioners moved the court for a certificate under section 75 (ch. 110) of the statute, the trial court refused to issue such certificate on the ground that under his ruling,

the validity of the ordinance was not involved. That the trial court erred in ruling that petitioners had waived their right to question the validity of the ordinance is clear. See *United Artists Corp. v. Thompson,* 339 Ill. 595; *Western Theological Seminary v. Evanston,* 325 Ill. 511, 515; *State Bank and Trust Co. v. Wilmette,* 358 Ill. 311, 313. In each of those cases the complainant, before filing his bill, had applied for a permit and it had been refused. See also *Koos v. Saunders,* 349 Ill. 442; *Forbes v. Hubbard,* 348 Ill. 166; *Tews v. Woolhiser,* 352 Ill. 212. In each of these cases the petitioner, before bringing a mandamus proceeding, had applied for a permit and it had been refused. Other like cases might be cited if it were necessary.

The second paragraph of the application for a permit made by petitioners reads as follows:

"This application is made for said 'use' permit pursuant to Paragraph or Section 1676 of the Zoning Ordinance of the Village of LaGrange, which Zoning Ordinance was *duly enacted, adopted and passed* on November 7, 1930 and said occupancy permit is made pursuant to the provisions and terms of said paragraph 1676, chapter LIX of the Municipal Code of 1930 of the Village of LaGrange." (Italics ours.) Respondent contends that petitioners, by using the language, "duly enacted, adopted and passed," admitted the validity of the ordinance and could not thereafter be heard to say that it was invalid or unconstitutional; that this was the basis for the trial court's ruling. We have considered the strained argument in support of respondent's contention and find it without the slightest merit. Moreover,

"A zoning ordinance may be valid in its general aspects, and yet as to a particular state of facts involving a particular owner affected thereby be so clearly arbitrary and unreasonable as to confiscate his property and justify the interposition of a court of equity

to restrain the enforcement of the ordinance. *Village of Euclid v. Ambler Realty Co.*, 272 U. S. 365; *St. Andrew Society v. Kansas City*, 58 Fed. (2d) (U. S. Cir. Ct. of App. 593,) 599; *Nectow v. City of Cambridge*, 277 U. S. 183; *Kennedy v. City of Evanston*, 348 Ill. 426; *Phipps v. City of Chicago*, 339 id. 315; *Western Theological Seminary v. City of Evanston*, 325 id. 511." (*Ehrlich v. Village of Wilmette*, 361 Ill. 213, 222.)

Respondent further contends that "if petitioners were aggrieved by the refusal of the Building Commissioner to issue the permit, their recourse was to the Board of Appeals under the provisions of the zoning ordinance and the enabling act." The trial court's action in sustaining the general demurrer was not predicated upon any such theory of law. However, there is no merit in respondent's contention. Petitioners complain that the zoning ordinance is arbitrary, unreasonable and confiscatory as applied to their property. That such a petition, if a proper showing is made therein, is maintainable in equity, see cases just cited; also *Reschke v. Village of Winnetka*, 363 Ill. 478, wherein it is held (p. 486):

"In determining whether the invasion of property rights under a purported police power, is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration. (*State Bank and Trust Co. v. Village of Wilmette, supra* [358 Ill. 311]; *Forbes v. Hubbard, supra* [348 Ill. 166].) *The reasonableness of the ordinance is necessarily determined by the facts in the particular case. Tews v. Woolhiser, supra* [352 Ill. 212]." (Italics ours.)

The Board of Zoning Appeals had no power to pass upon the validity of the ordinance as applied to petitioners' property. As to the limited powers of such Board see *Welton v. Hamilton*, 344 Ill. 82, 95.

The judgment of the circuit court of Cook county is reversed; also the order sustaining respondent's demurrer to the petition, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment, also order sustaining respondent's demurrer to petition, reversed, and cause remanded with directions.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.