THE STATE OF WYOMING, ex rel. P. T. GEORGE and ANN GEORGE,

*Petitioners and Respondents,*

vs.

A. J. HULL, City Engineer, and D. B. WILLETT, City Manager, of the City of Laramie, Wyoming,

*Respondents and Appellants.*

(No. 2413; November 23rd, 1948; 199 Pac. (2d) 832)

For the Appellants, the cause was submitted upon the brief and also oral argument of George J. Millett and Alfred M. Pence, both of Laramie, Wyoming.

For the Respondents, the cause was submitted upon the brief and also oral argument of Gordon W. Davis and Glenn Parker, both of Laramie, Wyoming.

## OPINION

BLUME, Justice.

This case involves a petition for a writ of mandamus. The petitioners are P. T. George and Ann George, who are husband and wife and the owners of Lots 12 and 13 of Block 172, Hodgeman's Addition to the City of Laramie, and who will be referred to herein as the petitioners. The defendants are A. J. Hull, City Engineer, and D. B. Willett, City Manager, of the City of Laramie, who will be referred to herein as the appellants. It appears from the petition that a business building has for many years occupied the west 59½ feet of that property and is located in the northwest corner of the block. The east 72½ feet have been occupied by a frame building of little value and theretofore used as a garage, storage building, and chicken coop. Plaintiff sought to tear down the frame building and erect on the east portion of the lots a stran-steel, concrete-floored, fireproof and vermin proof building to be used as a warehouse and for storage in connection with the store and business situated on the west portion of the lots, and that no income is derived

by petitioners from the east portion of the lots. Petitioners, on October 13, 1947, applied to the City Engineer and City Manager for a building permit to construct such new building. The City Engineer and City Manager refused the permit on the ground that it was contrary to a zoning ordinance theretofore adopted by the city government. Petitioners thereupon took an appeal to the board of adjustment, and, on October 29, 1947, this board also denied the permit. It is alleged as follows:

"That the real property owned by Petitioners and hereinabove described, cannot be improved and used profitably except for business purposes; that said land is satisfactory for business purposes only and has practically no value for any other purpose than business; that Petitioners have received no income from the easterly portion of said lots; that the frame building thereon and shed used for a garage, storage purposes and chicken coop is of little value and Petitioners will lose the entire value of the easterly portion of said lots within a few years by being compelled to repair a disintegrating structure and to pay taxes on said property; that the unlawful refusal of the said building construction requested by Petitioners and the refusal of the building permit has seriously and irreparably injured and damaged Petitioners; that said lots are unsalable and practically useless for residence purposes and are of little value for business property, as limited by the said ordinance to non-conforming use, and under existing conditions and regulations are worth less than Five Thousand Dollars ($5,000.00); but the value of said lots is Fifteen Thousand Dollars ($15,000.00) as business property under provisions relating to Business 'D' Districts under said ordinance; that the failure and refusal of Respondents to grant said permit has materially reduced the value of Petitioners' existing business conducted on said property; and that Petitioners are desirous of improving and remodeling the entire property on said lots for business use, but any application for such improvement and remodeling is futile under the present ruling of the Respondents and the City of Laramie;

"That adjacent to and contiguous with Petitioners' said lots above described, to the east thereof is a Business 'D' District occupied by various properties, including a saloon and a garage; that in the block immediately across the street to the north, there are two business buildings occupied respectively as a store and a restaurant; that diagonally across the street from the store building on the westerly Fifty-nine Feet Six Inches (W 59' 6") of Petitioners' said lots, is a wood yard and furniture storehouse used as an operating base for general hauling, moving, storage and sale of wood; that in the block next south of Petitioners' said property is located a school; that in the block immediately south of said school and also the fractional block across the street southwest thereof is a Business 'D' District, zoned and used for businesses; that approximately one-half block west of Petitioners' said store is a large area, zoned by the City of Laramie as a Commercial District, in part restricted by deed covenants to business and commercial use, and occupied in part by various commercial and business enterprises, including all tracks, shops and buildings of the Laramie North Park and Western Railroad Company; the brick making plant of the Laramie Brick and Tile Company; the timber treating plant of Douglas Timber Company; and that the area of the City within several blocks of Petitioners' said property is unsuitable as a residential district and largely devoted to businesses.

"That the area from which Petitioners have been unlawfully prevented from erecting and using a business building lies directly between—

"a. A business district on the east bordering a Commercial District containing the Union Pacific Railroad Company yards, and

"b. The Laramie North Park and Western Railroad Company, the Laramie Brick and Tile Company, the Douglas Timber Company properties and other businesses in Commercial Districts on the west."

To clarify some of the facts, it appears from the petition and from the photographs before us that the property of petitioners is located on the west half of Block 172 above mentioned. This half block is zoned for

residence purposes as is also a half block west and across the street from Block 172, west of which is a commercial district and occupied by business property. The east half of Block 172 is zoned for business purposes as is also the block east of Block 172, east of which are located, as near as we can tell, the railroad tracks of the Union Pacific Railroad Company, which runs north and south through the City and which separates the main portion of the City of Laramie from the part situated west of the railroad tracks. Petitioners allege that the provisions of the zoning ordinance purporting to place the property of the petitioners in Residence District "B" are unreasonable, unfair, unjust, oppressive, invalid, unconstitutional and bear no substantial relation to the health, safety, morals or general welfare of the people, and that the City Engineer and City Manager and Board of Adjustment, in denying the permit, invaded the constitutional rights of the petitioners and acted arbitrarily, unreasonably and oppressively in doing so; that petitioners have no plain, speedy or adequate remedy in the courts of law and asked that an order be entered requiring the issuance of the permit.

The defendants demurred to the petition on the ground that the court has no jurisdiction of the subject matter of the action, and that the petition does not state facts sufficient to constitute a cause of action. The demurrer was overruled on January 21, 1947. No further pleadings were filed by the defendants in the case and default was entered against them, and, on February 20, 1948, the case came on for hearing and witnesses were heard, and the court, after hearing the evidence, found that the provisions of the zoning ordinance of the City of Laramie placing the property of petitioners in a Residential "B" District is invalid and unconstitutional and bears no substantial relation to the health, safety, morals or general welfare of the

people of the community. The court accordingly directed that a Peremptory Writ of Mandamus should issue requiring the defendants to issue to petitioners a permit entitling them to build a business building on the property owned by them. Exceptions were taken to the judgment so entered, and they have appealed to this court.

The zoning ordinance of the City of Laramie was passed pursuant to the provisions of Sections 29-1901 —29-1909, inclusive, W. C. S. 1945, relating to zoning. Section 29-1907 provides that the legislative body of the city may appoint a board of adjustment to which an appeal may be taken when a permit for the construction of a building has been refused by the proper officers of the city. That board was created under the ordinance of the City of Laramie. The board, under the foregoing section of the statute, is given the following powers: First, To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of the Act or of any ordinance adopted pursuant thereto. Second, To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance. Third, To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. The ordinance involved in the case at bar has similar provisions. The foregoing statute further provides that an appeal may be taken from any decision of the board of adjustment to the district court within ten days after the decision shall have been entered on the records of the board, the written notice

of appeal specifying the grounds of the illegality of the order of the board. The statute also provides that additional evidence may be taken in the district court if found advisable, and that an appeal may be taken from the decision of the district court to this court. Our zoning statute seems to be generally in harmony with the standard zoning law adopted in most of the states of the United States. See McQuillin, Municipal Corporations, Vol. 3, Section 1050. The board of adjustment in some of the states is called a board of appeals. In other states, it is called by the same name as called in our statute. In most of the states, the proceeding for a judicial review of the decision of the board of adjustment is called a proceeding of certiorari, but is, in most cases, almost identical with the so-called appeal mentioned in our statute. In some of the states, the proceeding for such review is called an appeal the same as in the statute of this state.

I. It is the contention of counsel for the appellants that the allegations in the petition are not sufficient to show that any constitutional rights of the petitioners have been invaded. Except for the zoning ordinance in question, petitioners would, of course, have had the right to construct the building for which they now ask a permit. Use restrictions upon real property must find their justification in some aspect of the police power exerted for the public welfare. Unless the particular regulation bears a substantial relation to the public health, safety, morals, comfort, convenience, or the general good and welfare in the proper sense, it is an invasion of the constitutional right of private property. The inquiry in such case is whether the restraint thus put upon property passes the bounds of reason and assumes the character of a merely arbitrary fiat. United Advertising Corp. vs. Board of Adjustment, (N. J.), 56 Atl. 2d 406, and cases cited. In the case at bar, counsel, for the appellants did not

embody the evidence that was taken in the case in the record before us, but rely solely upon the deficiency in the allegations contained in the petition. It would seem that it would have been at least advisable to have embodied that evidence in the record on appeal. That evidence doubtless clarified the situation. The trial court thus was in much better position to determine whether or not the ordinance is, in fact, unreasonable in so far as the property of the petitioners herein is concerned. It is alleged in the petition that the property involved herein cannot be improved and used profitably except for business purposes, and that it has practically no value for any purpose other than business. The maps before us would seem to indicate these allegations to be true. As already shown, the zoning ordinance attempted to wedge in a residence district, consisting of two half blocks separated by a street, between business and commercial zones extending many blocks to the east, and a commercial zone extending a great distance to the west. It does not require a great deal of experience to know that these two half blocks zoned for residence cannot, for an unforseeable time in the future, be desirable for residence purposes, except possibly for inferior sort of houses erected thereon. The removal of a chicken coop and other inferior structures, and replacement thereof by the structure sought to be erected, would seem to be desirable for everyone living in the neighborhood. The property in question adjoins a district zoned for business purposes. It is stated in the case of City of Little Rock vs. Pfeifer, 169 Ark. 1027, 277 S. W. 883, as follows:

"As the size of the business district grows, it ceases to be a residence district to that extent within the purview of the zoning ordinance, and any attempt on the part of the city council to restrict the growth of an established business district is arbitrary. When a business district has been rightly established, the

rights of owners of property adjacent thereto cannot be restricted, so as to prevent them from using it as business property."

This holding was reaffirmed in City of Little Rock vs. Bentley, 204 Ark. 727, 165 S. W. 2d 891, and in the case of City of Little Rock vs. Joyner, (Ark.), 206 S. W. 2d 446. These cases are more applicable to the facts in the case at bar than any others which we have found and quite clearly sustain the finding and judgment of the trial court herein.

Counsel for appellants suggest that the petitioners did not allege when they acquired the property, and that we ought to presume that they acquired it after the adoption of the ordinance. We see no reason why we should indulge in such a presumption. Moreover, it appears, in City of Little Rock vs. Bentley, supra, that one of the lots on which a petitioner for a permit wanted to build was acquired after the adoption of the zoning ordinance, but the court held that the permit should have been granted. In Phillips vs. Borough of East Paterson, 134 N. J. L. 161, 46 Atl. 2d 667, affirmed in 50 Atl. 2d 869, the petitioner for a permit bought the property on which he wanted to build under a contract pursuant to which the passing of the title was conditioned upon the ability of the petitioner to obtain a permit for the desired use of the property. In that case, too, the court held the refusal to grant the permit arbitrary, and that it should have been granted.

II. Counsel for appellants contend that an action in mandamus was not the proper remedy herein for the reason, A. that petitioners could have appealed from the board of adjustment to the district court as authorized by statute, and, B. that they could have brought a declaratory judgment action or a suit for an injunction. In Weber vs. City of Cheyenne, 55 Wyo.

202, 97 Pac. 2d 667, a suit for an injunction was brought to prohibit the city from enforcing a zoning ordinance as to the property of the plaintiff. No question, however, was raised as to the propriety of that action. It is stated in 28 Am. Jur. 240, "It is fairly well settled that where there is an adequate remedy by mandamus a suit for injunction cannot be successfully maintained." And, in State ex rel. vs. Nelson, 240 Wis. 438, 3 N. W. 2d 765, 771, the court held that an action for a declaratory judgment in a case like that at bar is not an adequate remedy. It is, however, unnecessary for us to spend time in determining the correctness of these authorities. If either an action for injunction or an action for a declaratory judgment had been brought in the case at bar, counsel for appellants would still have contended that the petitioners herein should instead have appealed to the district court in accordance with the provisions for an appeal under the zoning laws of this state. So, we shall proceed to consider that point.

There are numerous cases which hold that mandamus is the proper remedy to test the constitutionality of a zoning ordinance in so far as it applies to a petitioner for a permit. State vs. Gurda, 209 Wis. 63, 243 N. W. 318; State vs. Nelson, 240 Wis. 438, 3 N. W. 2d 765; Hedgecock vs. People, 91 Colo. 155, 13 Pac. 2d 264; Cherry vs. Brumbaugh, 255 App. Div. 880, 7 N. Y. S. 2d 956; H. Krumgold & Sons vs. Jersey City, 102 N. J. L. 170, 130 Atl. 635; Builders' Realty Corp. vs. Bigelow, 102 N. J. L. 433, 131 Atl. 888; Clark vs. Greenlee, 287 Ill. App. 474, 5 N. E. 2d 278, Arverne Bay Const. Co. vs. Thatcher, 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110. Most of these cases hold that it is not necessary to resort to an appeal to the board of adjustment provided by ordinance or statute for the reason that such board has no power to pass upon the constitutionality of an ordinance, concluding

in substance that it would be useless to go before a board which has no power to act upon the question in issue. Thus, it is said in State vs. Gurda, supra:

"In seeking the remedy of mandamus the relator relies on the fact that the ordinance is unconstitutional, under which circumstances an appeal to the board of review would afford him no relief whatever, as the board of appeals could not ignore the ordinance because it might consider it unconstitutional. The remedy existing under ordinary circumstances by an appeal to the board of review would not afford the relator relief, as his only contention is that the ordinance relied upon by the defendant is unconstitutional. It has been held that zoning boards of adjustment are not created as appellate bodies, and that legal or constitutional questions involved in zoning requirements are not a subject matter for the determination of such boards, but must be presented for consideration to the proper legal forum. It seems that, generally, their powers of review are limited to practical difficulties, or unnecessary hardship, in the way of carrying out the strict letter of the law. Municipal Gas Co. v. Uolan, 121 Misc. 606, 201 N. Y. Supp. 582; Losick v. Binda, 102 N. J. L. 157, 130 Atl. 537; Builders' Realty Corp. v. Bigelow, 102 N. J. L. 433, 131 Atl. 888. It is our conclusion that in the instant case an appeal to the board of review would afford the relator no adequate relief, for which reason his resort to the remedy of mandamus is proper."

See also Superior Press Brick Co. vs. St. Louis, (Mo. App.), 155 S. W. 2d 290; Heath vs. Mayor, (Md.), 49 Atl. 2d 799, 803; Phipps vs. Chicago, 339 Ill. 315, 171 N. E. 289; Annotation, 168 A. L. R. Page 111 (2); 34 Am. Jur. 962; Henderson vs. Greenwood, 172 S. C. 16, 172 S. E. 689; Bassett on Zoning, Page 160.

If one part of the statutory proceedings may be omitted, no sound reason, of course, could be advanced why the remaining statutory proceeding—the appeal to the court—should be held to be mandatory. An appeal to the court under this statute presupposes action

on the part of the adjustment board. It has accordingly been held that when the constitutional rights of a petitioner for a permit are claimed to be invaded by an ordinance, an action in mandamus may be brought without resort to a proceeding of certiorari, which is substantially the same as the appeal provided in our statutes. Isenbarth vs. Bartnett, 205 App. Div. 845, 895, 198 N. Y. S. 923; Radcliffe vs. Livingston, 223 App. Div. 862, 229 N. Y. S. 20; Hedgcock vs. People, supra. In fact, it has been held that since a board of adjustment cannot pass on the constitutionality of a zoning ordinance, neither can the court do so in a proceeding of certiorari. Selleck vs. Waterbury, 257 App. Div. 1049, 13 N. Y. S. 2d 591; Holy Sepulchre Cemetery vs. Board of Appeals, 271 App. Div. 33, 60 N. Y. S. 2d 750; Annotation, 168 A. L. R. 144. And see Oklahoma City vs. Harris, 191 Okla. 125, 126 Pac. 2d 988, 993; Baddour vs. Long Beach, 279 N. Y. 167, 18 N. E. 2d 18, 124 A. L. R. 1003; Rinehart & Donovan Co. vs. Refiners' Production Co., 175 Okla. 522, 53 Pac. 2d 1116; National Transportation Co. vs. Toquet, 123 Conn. 468, 198 Atl. 344.

An interesting case is Lane vs. Bigelow, 135 N. J. L. 196, 50 Atl. 2d 638. That case appears to substantially hold that when the facts and the law applicable thereto are clear, the remedy in mandamus is not improper. In that case, the court first proceeded to consider the second point, namely, whether or not the plaintiff was entitled to a permit under the facts and the law, and holding that it should have been granted, then proceeded to decide as to whether or not an action in mandamus was the proper remedy. The court stated as follows:

"In light of our finding under the Second Point that the facts and applicable law are clear, it is equally clear to us that respondent was not obliged to appeal to the Board of Adjustment, R. S. 40:55-42, N. J. S. A.,

from appellants' refusal to issue her a permit before invoking the aid of the Supreme Court. Cf. Losick v. Binda, 102 N. J. L. 157, 130 A. 537; Lutz v. Kaltenbach, 102 N. J. L. 718, 131 A. 899; Builders' Realty Corporation v. Bigelow, 102 N. J. L. 433, 131 A. 888; Tzeses v. Barbahenn, 125 N. J. L. 643, 17 A. 2d 539. And our result would have been the same had respondent sought the relief by certiorari. The general rule requiring exhaustion of statutory remedy before appealing to the Supreme Court 'is not an absolute one.' For the general rule, as stated, ' * * * is a rule of policy, convenience and discretion, rather than of law, particularly (since) prerogative powers of (the Supreme) court are protected from legislative changes.' Thus whether the policy be 'legislative' or 'judicial,' the Supreme Court intervenes 'in a proper case' without waiting for intermediate statutory remedies to be exhausted. Conway v. Atlantic City, 107 N. J. L. 404, 408, 154 A. 6. Cf. Redcay v. State Board of Education, 128 N. J. L. 281, 285, 25 A. 2d 632."

And see Section 10, Article 5 of the Constitution of Wyoming as to the power of trial courts to issue writs of mandamus.

Try as we may, we are not able to find a flaw in the logic of the reasoning of the foregoing authorities. But we are reminded of the aphorism of Justice Holmes, found in his Common Law, page 1,—apparently based on what was said by Savigny—that "The life of the law has not been logic; it has been experience." Added, too, is the fact that for a century or more, legislatures and courts have more and more striven to simplify the rules of procedure, consistent with an orderly conduct of law suits, and have come to recognize the fact that they are but a means to an end and must not be molded so as to subvert the latter. See 5 Texas Law Review 151. So, we shall turn to cases that have taken a somewhat different view than that taken by the cases already cited. It is held by a divided court in South Bend vs. Marckle, 215 Ind. 74, 18 N. E. 2d 764, that illegality mentioned in the zoning

statute in connection with an appeal to the court includes unconstitutionality, and that when it is contended that an ordinance is unconstitutional as to a petitioner for a permit, and not in toto, that question should be determined in the statutory proceeding of certiorari rather than by an independent action. In Michigan-Lake Bldg. Corp. vs. Hamilton, 340 Ill. 284, 172 N. E. 710, 713, the court stated as follows: "There is no valid reason or policy to which our attention has been directed for not permitting courts, under certiorari proceedings, to decide the validity or constitutionality of a zoning ordinance, which is the sole authority under which the zoning board of appeals has rendered its decision." In Heffernan vs. Zoning Board, 49 R. I. 283, 142 Atl. 479, 480, the court stated:

"The provisions of the enabling act of the General Assembly, in reliance upon which said zoning ordinances have been adopted, indicate a logical and orderly method of review before this court by means of the statutory writ of certiorari, provided for by the act. An application to a building inspector for permission to build is based upon the applicant's claim of a legal right to erect a proposed building upon his land. Such claim of right may be based upon the terms of the ordinance, or claimed under the Constitution in disregard of the provisions of the ordinance. If the landowner's application is denied, he may then appeal; and his appeal carries his claim of right before the zoning board of review. If the decision of that board is adverse, the landowner may obtain a review of that decision in the Supreme Court upon writ of certiorari, and may there urge whatever claim of right he may desire to make, constitutional or otherwise."

In the following cases, the courts considered the constitutional rights of a petitioner for a permit in a certiorari proceeding, evidently under the assumption that such constitutional rights may be determined in such a proceeding. Ayres vs. Building Commissioner, 242 Mass. 30, 136 N. E. 338; Anderson vs. Jester, 206

Iowa 462, 221 N. W. 354; United Advertising Corp. vs. Board of Adjustment, 136 N. J. L. 336, 56 Atl. 2d 406. See also 40 Yale Law Journal, 491.

We find it stated that the law relating to the method of judicial review of the action of an administrative board is in a chaotic condition. 42 Am. Jur. 665. The statement is borne out by the diversity of opinions already noted. Parties who ask for a building permit ought not to be compelled, if avoidable, to choose a method of procedure at their peril. Hence it is incumbent upon us to aid in dispelling the chaos, if we can, and formulate a reasonable rule, if possible, to be followed in future cases like that at bar. To do so is, after all, but the exercise of the power of prescribing rules of procedure, which power, while probably inherent in this court, has been expressly conferred upon it by Ch. 53, Session Laws, 1947, although on account of the necessity of making a decision in this case, it is impossible to follow the precise method mentioned in that legislative act. A burdensome procedure should be avoided, if possible. It appears from Arverne Bay Const. Co. vs. Thatcher, supra, that the plaintiff first asked for a variance under a zoning ordinance for the purpose of constructing a building not in conformity with the ordinance. The case went through the various courts of New York, ending in the Court of Appeals in that state. The permission for variance was denied. Thereafter, the plaintiff, who asked for a permit, alleged the unconstitutionality of the ordinance. His contention was not sustained in the Appellate Division of the Supreme Court. He then carried the case to the Court of Appeals. That court, holding that the former proceedings were not res judicata, sustained the contention of the plaintiff, and held the ordinance invalid as to it. It is quite clear that if an applicant for a permit is compelled to pursue a proceeding wherein he asks for an exception or

variance under an ordinance, separate from that in which he claims that the ordinance is unconstitutional, too great a burden is cast upon him. And the double proceeding involves too much waste, both of adminis-trative as well as of judicial motion. Just as all the grounds for a right demanded in an ordinary law suit may be adjudicated in that suit and relief given ac-cordingly, that, too, if possible, should be so in a case like that at bar, and we know no good reason why that is not possible. It is true that the concept of abuse of discretion of the board of adjustment in cases of this kind is logically different from the concept of uncon-stitutionality asserted by the petitioners herein. The latter is based on the unconstitutionality—the unrea-sonableness—of the ordinance itself. The former is based on the unreasonable exercise of the board of the power granted it under the ordinance or under the law. But, basically, the question in both cases is the same, namely, whether or not, under the facts, the petitioner should be permitted to erect the structure which he desires to erect. Even if the board cannot pass upon the constitutionality of the ordinance, yet, if it exer-cises its powers in good faith and independently of the City Engineer, the question of unconstitutionality of an ordinance may often be avoided and that, together with the advisability of establishing a definite and uniform procedure, which will avoid uncertainty and doubt as to what course should be pursued, would seem, in situations like that in the case at bar, to be sufficient reason for the rule of following the statu-tory proceeding, appealing to the board of adjustment when a permit is refused by the city engineer, or other proper officer, the applicant advancing all the grounds and reasons why the permit should be granted, and thus giving the board the opportunity, if the facts warrant it, of exercising the discretion vested in it. In fact, the case of Arverne Bay Const. Co. vs. That-

cher, supra, seems to recognize the necessity for such an appeal to such a board, if in existence. Further, while our statute in connection with an appeal from the board of adjustment is not as clear as might be wished, we think, as the courts of Illinois, Indiana and Rhode Island have thought, that all questions, including that of unconstitutionality, arising in the case may and should—if for no other reason than that of policy and avoidance of circuity of action—be decided by the court on such an appeal. That is in full accord with the rule that if a statute gives a right of appeal, that method should be followed. See Knowlton vs. Inhabitants of Swampscott, 280 Mass. 69, 181 N. E. 849; Kahl vs. Consolidated Gas, Electric Light and Power Co., (Md.) 60 Atl. 2d 754; Board vs. Buch, (Md.) 58 Atl. 2d 672, 676.

This as to future cases like that at bar. It remains to determine what should be done in the present action now before us. It is said in 42 Am. Jur. 671 that "where statutory methods of direct judicial review are available, the use of non-statutory methods is not likely to be permitted by the courts." However, it has been held in a number of cases that the general rule requiring exhaustion of statutory remedy is not an absolute one, and must give way where justice requires it. Lane vs. Bigelow, 135 N. J. L. 195, 50 Atl. 2d 638; Redcay vs. State Board of Education, 128 N. J. L. 281, 25 Atl. 2d 632. And see Oliva vs. City of Garfield (N. J. L.), 60 Atl. 2d 628. The procedure followed in the case at bar was not inappropriate to the end sought, although differing from that which we think the better. The relief herein given by the trial court appears to be just and proper. We cannot, accordingly, reverse the judgment herein, and it is affirmed.

RINER, C. J. and KIMBALL, J. Concur.