## GAY *v.* CITY OF LYONS *et al.*

No. 18080. ARGUED JANUARY 13, 1953—DECIDED FEBRUARY 24, 1953.

*Jackson & Graham,* for plaintiff in error.
*Sharpe & Layne,* contra.

ALMAND, Justice. ■ We first consider the plaintiff's assignment of error that the court erred in overruling his demurrers to the answer. The substance of the answer was that, under the law, the city could not issue a permit to the plaintiff because the city had adopted on August 22, 1952, a zoning ordinance, and the location of the proposed filling station had been zoned for residential purposes. The ordinance is not attached to the answer. One ground of the demurrer was that the zoning ordinance, having been adopted after the plaintiff had filed his application for a building permit, was invalid and ineffective, as being violative of stated provisions of the State and Federal Constitutions, and further, that the ordinance was not a complete or valid zoning ordinance under the zoning law of 1946. The ordinance itself not being in the answer or before the court, these questions could not properly be passed on, and therefore these grounds of demurrer are without merit. The answer was not subject to the objection that it did not set forth any defense to the petition, and therefore it was not error to overrule the other grounds of the demurrer.

■ We now consider the assignment of error that the court erred in overruling the demurrer to the defendants' plea in bar as amended. The substance of the plea in bar was that the city authorities, having passed a zoning ordinance under the provisions of the act of 1946, and having appointed, as provided by the act, a Planning Board and a Board of Adjustment, when

the Planning Board overruled the objections of the plaintiff, he had the right under the act to appeal to the Board of Adjustment, which he failed to do; and therefore the plaintiff, having the adequate remedy of appeal to the Board of Adjustment, was not entitled to the issuance of a writ of mandamus to compel the city authorities to issue the permit.

In reply to this plea the plaintiff, by amendment to his petition, challenged the validity of the ordinance on several grounds; one being that the ordinance was unconstitutional and void as being in violation of stated provisions of the State and Federal Constitutions; another was that it was invalid as not being such a zoning law as was authorized under the zoning act of 1946; and further, that the placing of the plaintiff's property in a district zoned for residential purposes only was arbitrary, capricious, and discriminatory, and as to his property it was invalid.

Section 10 of the zoning act of 1946, supra, provides: that governing authorities of municipalities seeking to exercise the power conferred by the act shall provide for a Board of Adjustment consisting of not less than three and not more than five members; and that appeals may be taken to the Board of Adjustment by any person having a substantial interest in a decision of the administrative officer or agency seeking to function under authority of, or to enforce any ordinance enacted in pursuance of, the act. The act prescribes how appeals may be taken, for hearing before the Board of Adjustment, and declares that said Board of Adjustment shall have the following powers: (1) to hear and decide appeals from orders of an administrative official or agency in the enforcement of the zoning ordinance; (2) to appeal from orders granting or refusing a variance in specific cases, and (3) to permit a building or premises to be used for public-service purposes. In exercising the above mentioned powers, the Board of Adjustment shall reverse or affirm, wholly or partly, or modify, the order, requirement, or decision appealed from, with the right of the aggrieved party to appeal the decision to the superior court.

It is the contention of the plaintiff that, under the act, the Board of Adjustment is purely an administrative body, limited to the hearing, as an appeal board, only of the matters provided

for in the act, and that neither under this act nor any other law would such board have the right or power to pass upon the plaintiff's contention that the ordinance is invalid as being in violation of the Federal and State Constitutions, and the ordinance was not such an ordinance as was contemplated by the act of 1946; and that therefore, there being no other adequate remedy to secure a determination of these questions, mandamus is the only and proper remedy.

It is our opinion that the Board of Adjustment, under the act of 1946, is an administrative agency, and in reviewing an order after notice and hearing it acts in a quasi-judicial capacity, and would have no authority or power to pass upon the validity or invalidity of the ordinance purporting to have been passed under the provisions of the act of 1946.

The question, then, is: does the inability of the plaintiff to have these questions determined by the Board of Adjustment constitute such inadequacy of ordinary remedy at law as would authorize him to maintain a mandamus proceeding to require the issuance of a building permit? Code § 64-101 provides that, "Whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." In discussing this Code section, this court, in *Wofford Oil Co.* v. *City of Calhoun,* 183 *Ga.* 511 (189 S. E. 5), stated that, under the Code provision, the scope of mandamus, as a general rule, was very broad, that though restricted in special instances in other Code sections, they were only exceptions to the general rule, and that under this section the superior-court judge was under a duty to issue writs of mandamus in any cause whereby a defect of legal justice would ensue if a mandamus were not issued, and if there were no other specific legal remedy. In that case, a petition was brought seeking issuance of the writ of mandamus against the defendant to require the issuance of a building permit for the erection of a filling station. The contention of the defendant was that the plaintiff, after the city authorities had denied his application, could have certioraried the order of denial to the superior court. It was held that the applicant could not review such judgment by certiorari, and that there was such a defect

of justice as to entitle him to the writ of mandamus. In *Loftis Plumbing & Heating Co.* v. *Quarles,* 188 *Ga.* 404 (3 S. E. 2d, 725), the plaintiff sought a writ of mandamus to compel the chief plumbing inspector of Atlanta to issue a permit for the installation of certain plumbing fixtures. The trial court sustained a general demurrer and dismissed the action. It appeared from the petition that, under an ordinance of the municipality, the plaintiff had a right to appeal the refusal of the inspector to issue a license to the street committee of the city council, and he had not exercised that right. It also appeared from the petition that the inspector whose duty it was to issue the license had stated that he would not be bound by the street committee, and would prohibit the installation of such fixtures. It was alleged that the refusal to issue the permit was without any valid reason, and was capricious and arbitrary. This court held that, according to the allegations of the petition, the defendant had no valid reason for refusing the permit, and that, the plaintiff having no other specific legal remedy for the enforcement of his legal rights, a cause of action for mandamus was stated.

In *Blackman Health Resort* v. *City of Atlanta,* 151 *Ga.* 507 (107 S. E. 525, 17 A.L.R. 516), the plaintiff sought by mandamus to require the defendant to issue a permit to build a tourist and health resort. It was there held that the city had the right to enact, under its police power, an ordinance as to the issuance of permits for the erection of buildings of the class there applied for; that, in carrying out the purpose of the ordinance, the city authorities were under a duty to exercise discretion in granting or refusing permits; and that an arbitrary or capricious exercise of such power would be an abuse of discretion in conflict with the due-process clauses of the State and Federal Constitutions, and in such a case the injured party could resort to the courts for relief.

From our examination, we have found no case in this State which deals with the question here under consideration—that is, whether, under a zoning ordinance, the right of an applicant for a permit to appeal from an order of the Planning Board constitutes an adequate remedy, where the ordinance creating a Board of Adjustment or Appeal is attacked as being uncon-

stitutional and void. Our search of authorities of other jurisdictions discloses that it is generally held that, where an applicant seeks to procure a building permit from an administrative officer—which is required by ordinance as being necessary to erect a building—and the permit is refused by such officer on the ground that the proposed building will violate a zoning ordinance, the constitutionality of the ordinance relied on as ground for refusal of the permit may be raised in a mandamus proceeding to compel issuance of the permit. These authorities further hold that the fact that an applicant, under the zoning ordinances and laws, had the right to appeal from the judgment of the administrative officers to a board of adjustment or appeal, where such boards were purely administrative agencies, did not prevent the applicant from seeking a writ of mandamus, where the contention was made that the zoning ordinance was unconstitutional and void. In State v. Gurda, 209 Wis. 63 (243 N. W. 317), the relator sought permission from the municipal authorities to use his premises for industrial purposes, which was refused because a zoning ordinance prohibited the use of such premises except for residential purposes. The relator thereupon filed a mandamus suit to require the issuance of a building permit, and contended that the zoning ordinance was unconstitutional. The respondent contended that the relator was not entitled to mandamus because there were other adequate remedies at law; one being that, under the statute providing for the zoning law, the relator could have had a review by a Board of Appeals which was established under an ordinance of the city, and that relator had not taken any appeal. In overruling this contention, the court stated: "In seeking the remedy of mandamus, the relator relies on the fact that the ordinance is unconstitutional, under which circumstances an appeal to the board of review would afford him no relief whatever, as the board of appeals could not ignore the ordinance because it might consider it unconstitutional. The remedy existing under ordinary circumstances by an appeal to the board of review would not afford the relator relief, as his only contention is that the ordinance relied upon by the defendant is unconstitutional. It had been held that zoning boards of adjustment are not created as appellate bodies, and that legal or con-

stitutional questions involved in zoning requirements are not a subject-matter for the determination of such boards, but must be presented for consideration to the proper legal forum. It seems that, generally, their powers of review are limited to practical difficulties, or unnecessary hardship, in the way of carrying out the strict letter of the law. Municipal Gas Co. v. Nolan, 121 Misc. 606, 201 N. Y. Supp. 582; Losick v. Binda, 102 N. J. L. 157, 130 Atl. 537; Builders' Realty Corporation v. Bigelow, 102 N. J. L. 433, 131 Atl. 888. It is our conclusion that in the instant case an appeal to the board of review would afford the relator no adequate relief, for which reason his resort to the remedy of mandamus is proper." Builders' Realty Corporation v. Bigelow, 102 N. J. L. 433 (131 Atl. 888), was a case based upon facts practically identical with those in the instant case. It was held that, where legal or constitutional questions are involved, an appeal to a zoning board of adjustment is not a prerequisite to an application to a proper legal forum for appropriate relief, and that mandamus was a proper action. In Carter v. City of Bluefield (W. Va.), 54 S. E. 2d, 747, the court held that mandamus was a proper proceeding to require the issuance of a building permit and to raise the constitutionality of a zoning ordinance which denied the right to have such permit, and that "it affords the most convenient, expeditious and effective available remedy for such purpose." For similar cases and rulings, see Clark v. Greenlee, 287 Ill. 474 (5 N. E. 2d, 278); H. Krungold & Sons, Inc. v. Jersey City (N. J.) 130 Atl. 635.

The matter before the Planning Board to which the plaintiff objected was a tentative zoning ordinance, and the action of the board in overruling the plaintiff's objections was not such an administrative act under the zoning law of 1946 as could have been appealed, it being a part of the legislative process in the enactment of a zoning ordinance (sections 7 and 8, zoning law of 1946, supra; *Morgan* v. *Thomas*, 207 *Ga.* 660 (1), 63 S. E. 2d, 659); and, even if the Planning Board's refusal to place the plaintiff's property in a district zoned for business be construed to be an administrative act, the Board of Adjustment under the act of 1946 would have no power to pass on the constitutional questions raised in the plaintiff's petition for mandamus. The contention made by the plea in bar that the right of the plain-

tiff to appeal to the Board of Adjustment constitutes an adequate remedy for the relief sought by him cannot be sustained. We are of the opinion that, since the sole defense of the city to the refusal to issue the permit is that the zoning ordinance prohibits its issuance, if the ordinance, as contended by the plaintiff, is void, the plaintiff, in a mandamus proceeding attacking the validity of the ordinance, may assert his right to the issuance of the permit by reason of the alleged invalidity of the zoning ordinance.

We therefore hold that the plea in bar was subject to the ground of the plaintiff's demurrer that the amended plea failed to show that the plaintiff had any other legal remedy except mandamus for the relief sought in his petition. It therefore becomes unnecessary to pass upon other grounds of attack on the validity of the ordinance. These same attacks are made in the petition as amended. Since it does not appear from the record that the trial court has passed upon these grounds of attack, they will be open for further consideration by that court.

It follows that, after the erroneous overruling of the demurrer to the plea in bar as amended, the order sustaining the plea and dismissing the petition was nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*