PHILIP LUTZ AND ROBERT CLAYTON, PARTNERS, TRAD-
ING AS LUTZ & CLAYTON, RESPONDENTS, v. WILLIAM
T. KALTENBACH, SUPERINTENDENT OF BUILDINGS
OF THE CITY OF ELIZABETH, APPELLANT.

Argued November 2, 1925—Decided February 1, 1926.

On appeal from the Supreme Court, whose opinion is
printed in 3 *N. J. Mis. R.* 658.

For the appellant, *Joseph T. Hague* and *Spaulding Frazer.*

For the respondent, *Jeremiah A. Kiernan.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court,
overruling a demurrer to an alternative writ of *mandamus*
and awarding a peremptory writ.

The proceeding grew out of the refusal of appellant to
issue a building permit to respondents to erect an addition
to their building on South Broad street in Elizabeth. The
sole ground for such refusal being that the proposed ad-
dition contemplated the construction and use of four stores
in violation of the provisions of the zoning ordinance of the
city of Elizabeth; the lands upon which such construction
was contemplated being, under such ordinance, in a zone
restricted to residential uses and purposes. Subsequent to the
refusal of appellant to issue the permit an appeal was taken
to the board of adjustment, which body sustained the action
of appellant and refused to issue the permit.

Two grounds for reversal are urged and argued: 1. That
the board of adjustment is a necessary party to these pro-
ceedings and has not been made a party. 2. That the proper
remedy is by *certiorari* to review the proceedings and findings
of the board of adjustment.

This court, in *H. Krumgold & Sons* v. *Jersey City,
ante, p.* 170, held: "Where a zoning ordinance is in-

effective to deprive an owner of property of his right to use the same for store purposes, no appeal to a board of appeals constituted under said ordinance is necessary as a prerequisite for an application for a writ of *mandamus*."

And in *Losick* v. *Binda, ante, p.* 157, we further held that boards, such as boards of adjustment, are created for, and have jurisdiction, only for the purpose of dealing with properties peculiarly situated with reference to zoning requirements and to provide for equitable modifications where it is apparent unnecessary hardship would result to the owner if the provisions of the ordinance were literally enforced, as in *Allen* v. *Paterson,* 98 *N. J. L.* 661; *affirmed,* 99 *N. J. L.* 532, and have no authority or jurisdiction to act as an appellate body for the purpose of reviewing the legal or equitable character of the building inspector's act in allowing or rejecting an application for a building permit, nor to pass upon the question as to whether the provisions of the zoning ordinance are in furtherance of the proper exercise of the police power of the municipality.

Both grounds of appeal here urged have heretofore been definitely settled by this court, and the board of adjustment having no jurisdiction over the matters presented by the case before us, an appeal to that body was unnecessary, its findings are legally without value and should be disregarded, as they were.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.