LEO TZESES, RELATOR-RESPONDENT, v. EDWIN W. BAR-BAHENN, BUILDING INSPECTOR OF THE TOWNSHIP OF MAPLEWOOD, NEW JERSEY, RESPONDENT-APPEL-LANT.

Submitted October 25, 1940—Decided January 28, 1941.

For the respondent-appellant, *Abram H. Cornish* (*Otto A. Stiefel,* of counsel).

For the relator-respondent, *Kristeller & Zucker* (*Saul J. Zucker,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court, which ordered that a peremptory writ of *mandamus* issue directed to the appellant to forthwith issue to the respondent certain building permits for which application had been denied.

The respondent is the owner of premises on the easterly side of Maplewood avenue, which are located in a "one-family residence district B" zone as fixed by the provisions of the zoning ordinance of the township.

The dimensions of the entire plot are as follows: front line, 100 feet; rear line, 91.31 feet; northerly side line, 283.71 feet; and, southerly side line, 276 feet. The respondent filed with the appellant applications for building permits to erect two one-family residences on the above plot, having divided the plot in half for building purposes so that each lot had a front line of 50 feet, a depth of more than 275 feet, and an area of more than 13,000 square feet. The rear lines of each lot are 45.65 feet and 45.66 feet, respectively, indicating that the plot tapers toward the center as the side lines approach the rear line.

The permits were refused by the appellant on the ground that the applications did not comply with the provisions of the zoning ordinance in that the lots did not have "a minimum frontage of fifty feet."

The pertinent provisions of the ordinance are as follows:

"5. Restrictions in Use, Applicable Only to One Family Residence District B.

"In one family residence District B, the size of lots, * * * shall be not less than indicated in the following schedule:

"Lots shall have a minimum frontage of 50 feet; a minimum depth of 100 feet and a minimum area of 5,000 square feet."

The following definitions found in section 2 are urged as pertinent:

"(c) Corner Lot: A corner lot is a lot at the junction of and fronting on two or more intersecting streets.

"(e) Depth of Lot: The depth of a lot is the mean distance between its mean front street line and its mean rear

line. The *greater frontage* of a lot is its depth and its *lesser frontage* is its width.

"(f) Width of Lot: The width of a lot is its mean width measured at right angles to its mean depth."

As his first point the appellant urges a construction of the ordinance upon which he based his refusal of the permits applied for. It is that the ordinance says that "the lesser frontage is the width" and then in turn defines the width as "its mean width at right angles to the mean depth" and that the words "lesser frontage" under the language of the ordinance are synonymous with "the mean width;" that, on the other hand, where the words "front street line" are used, they are used only in the definition of the depth, without regard to frontage, and are not synonymous with "frontage." From which he concludes that the word "frontage" in section 5 is synonymous with the words "the mean width." Since it is conceded in the case that the "mean width" of each of the respondent's lots is less than fifty feet, the appellant insists his construction of the ordinance justified his refusal of the permits.

The Supreme Court held that the word "frontage" in the ordinance means the extent of the front along the road or street and that the construction urged by the appellant is manifestly artificial. In this finding we concur.

The next point of the appellant is that the remedy in this cause should be by *certiorari*, and not *mandamus* because the right of the respondent was not clear both in fact and law. There is no dispute of fact in this case. The sole question was a legal one—construction of the language of the ordinance. In such a situation, *mandamus* is the remedy, *Tapping on Mandamus* 63. The mere urging of the possibility of a different construction is insufficient to cloud or vitiate a clear legal right arising from the proper legal construction of the ordinance and which right calls for no exercise of discretion on the part of the person or officer charged with the duty. *Cf. Builders' Realty Corp.* v. *Bigelow,* 102 *N. J. L.* 433; 131 *Atl. Rep.* 888; *Lutz* v. *Kaltenbach,* 3 *N. J. Mis. R.* 658; 129 *Atl. Rep.* 926; *affirmed,* 102 *N. J. L.* 718; 131 *Atl. Rep.* 899.

Other points urged by the appellant have been considered and found without merit for the reasons above stated.

The judgment appealed from is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.

*For reversal*—HEHER, J. 1.