Hans JAGENDORF et al., Appellants,

v.

CITY OF MEMPHIS, a Municipal Corporation, et al., Appellees.

Supreme Court of Tennessee.

Nov. 12, 1974.

---

William M. Walsh, Hanover, Walsh, Barnes & Jalenak, Memphis, for appellants.

Farris, Hancock, Gilman, Branan & Lanier, Frierson M. Graves, Jr., City Atty., Ross B. Clark, II, Asst. City Atty., Memphis, for appellees.

## OPINION

COOPER, Justice.

This appeal is from a judgment entered in the Circuit Court of Shelby County dismissing the petition for certiorari filed by appellants and others seeking a review of the action of the City Council in amending the zoning ordinance of the City of Memphis.

The appellees, James M. Reddoch and wife, Mozelle Reddoch, filed a petition with the City of Memphis seeking a change in the zoning of a tract of land at the intersection of Poplar Avenue and Reddoch Cove in the City of Memphis from an R–1 single-family dwelling classification to a C–2 commercial district classification to permit the construction and operation of a Cadillac automobile agency.

Appellants, Robert Van Dyke, III, and wife, Millicent Van Dyke, Mary Maguire, Trustee, David D. Groskind and wife, Beverly D. Groskind, owners of property in the vicinity of the property to be rezoned, filed written protests against the proposed amendment to the zoning ordinance, as did Hans Jagendorf, Isaac Loskove and Bertha T. Loskove. Each of the protesting property owners sought to invoke the four-fifths rule provided in Section 28–111(d) of the City Code of Memphis. The rule also appears in Section 142 of the Memphis City Charter.

The City Council held that the protests of the property owners did not meet the requirements of Section 28–111(d) of the Memphis Code of Ordinances and that the amendment could be passed by a simple majority vote. Thereafter, the Council passed the amendment by a vote of ten to two, with one councilman not voting.

The protesting property owners filed a petition for certiorari in the Circuit Court of Shelby County, seeking to have the court declare the amendment to be void on the ground it had been passed by less than the four-fifths vote required by Section 28–111(d). The trial court concluded that none of the protests were of a category to require a four-fifths vote for passage of the amendment, and dismissed the petition for certiorari.

The Van Dykes, the Groskinds and Mary Maguire perfected an appeal to this court.

Section 28–111(d) of the City Code of Memphis, provides:

"(d) If a protest against any proposed amendment, supplement or change [in the zoning ordinance] be presented in writing to the comptroller within ten (10) days from date of last publication, duly signed and acknowledged by the owners of twenty per cent (20%) or more of any frontage proposed to be altered, or by the owners of twenty per cent (20%) of the frontage immediately in the rear thereof, or by the owners of twenty per cent (20%) of the frontage directly opposite the frontage proposed to be altered such amendment, supplement or change shall not be passed except by a four-fifths (⅘) vote of the city council."

To invoke the four-fifths rule then, petitions of protest against a proposed amendment to a zoning ordinance must represent ownership of property within one of the following three categories:

1.  The owners of twenty percent (20%) or more of the frontage proposed to be altered, or

2.  The owners of twenty percent (20%) of the frontage immediately in the rear of the frontage proposed to be altered, or

3.  The owners of twenty percent (20%) of the frontage directly opposite the frontage proposed to be altered.

■ Frontage means the line of property on a public street. The zoning ordinance, or at least that part of the zoning ordinance in the record, does not define specifically "frontage to be altered" nor "frontage immediately in the rear" of the frontage to be altered. This leaves this court to interpret the ordinance in a manner to carry out the purpose of the ordinance, which is to afford property owners most directly affected by a change in zoning additional protection against an unwanted or ill-considered change. See

Johnson v. Township of Montville, 109 N. J.Super. 511, 264 A.2d 75 (1970); Rathkopf, The Law of Zoning and Planning § 28–5 (3d ed. 1974).

■ As we view the ordinance, the frontage to be altered is the total frontage of the property described in the proposed zoning amendment. Cf. Bowen v. Hider, Misc., 37 N.Y.S.2d 76 (Sup.Ct.1942). This is the interpretation given the phrase by both the City Council and the trial court. The frontage immediately to the rear of the frontage proposed to be altered, as we view the ordinance, embraces the street frontage of the tract or tracts of land which adjoin the rear boundary line of the plot that is the subject of the zoning ordinance. Smidt v. McKee, 262 N.Y. 373, 186 N.E. 869 (1933).

In this case, though not required to do so by Section 28–111(d), the protesting property owners specified the category in which their ownership of property fell. The Van Dykes, whose property fronts on Reddoch Cove opposite the Reddoch property, averred they were "the owners of twenty percent (20%) or more of the frontage directly opposite the frontage proposed to be altered." The Groskinds and Mary Maguire averred they were "the adjacent owners of twenty percent (20%) of the frontage proposed to be altered." They now also contend they are owners of frontage proposed to be altered by the amendment. Jagendorf and the Loskoves averred they were the owners of twenty percent (20%) or more of the frontage proposed to be altered by the application for rezoning. In the trial court, in light of the Council's interpretation of "frontage to be altered," Jagendorf also took the position that he was the owner of twenty percent (20%) or more of the frontage directly to the rear of the frontage to be altered.

The location of the properties owned by the protesting property owners in relation to the property to be rezoned and the dimensions of the properties are shown on

the following plat. The Jagendorf-Los-kove property is designated "X," the Van Dyke property by "Y," Groskind property "W," and the Maguire property by "Z."

## EXHIBIT 1

The above plat shows the Reddoch property, which is the subject of the rezoning action, extends 391.16 feet along Poplar Avenue, fronts 19.34 feet on the curve onto Reddoch Cove, and extends an additional 207.34 feet along Reddoch Cove. The total frontage for the Reddoch property, which is the frontage proposed to be al-

tered by the zoning amendment, is 617.84 feet. Twenty percent (20%) of the frontage to be altered would be 123.57 feet.

Considering the protests filed before the City Council, we find that the Van Dyke property on Reddoch Cove lies directly opposite the frontage proposed to be altered, but only has a frontage of 95 feet, which is less than the twenty percent (20%) required to bring the four-fifths rule into effect.

■ The Groskind-Maguire properties, as shown by the plat, do not fall into either of the three categories of protesting owners set forth in the four-fifths ordinance.

The Jagendorf-Loskove property is not included in the description of property proposed to be rezoned and, consequently, is not a part of the "frontage proposed to be altered" by the zoning amendment. However, it does adjoin the rear boundary line of the Reddoch property that is the subject of the zoning ordinance amendment. Further the plat shows the frontage of the Jagendorf-Loskove property is 267.8 feet and that this frontage is more than twenty percent (20%) of the frontage immediately in the rear of the Reddoch property. In short, the Jagendorf-Loskove protests were sufficient to invoke the four-fifths rule.

■ It is suggested that the Jagendorf protest should only be considered in light of the category of ownership set forth in the petition. As heretofore noted, there is no requirement in the ordinance or in the charter provision setting forth the four-fifths rule that a protesting owner must specify the category of ownership he relies on to invoke the rule. We are loathe to add such a requirement, especially where as in this case, the Council had before it not only the petition of Jagendorf expressly calling attention to the four-fifths rule but the plat of the property showing the location of the Jagendorf property with respect to the property being rezoned.

■ It is further suggested by counsel that the trial court's holding that the Jagendorf protest was insufficient to invoke the four-fifths rule is res judicata as to the Jagendorf protest, since Jagendorf did not join in the appeal to this court. Appellees also advance the proposition that "the owners of the property referred to as the 'Jagendorf property' ended the matter as to their protest when they entered into an agreement with the Reddochs withdrawing their objection to the rezoning and acknowledging that they were bound by the judgment of the Circuit Court." (The agreement is not a part of the record but was referred to by counsel for both parties in argument.) We cannot accept this position. Nothing Jagendorf did after the passage of the amendment to the zoning ordinance would affect the validity of the amendment. The amendment was either valid at the time of passage or not. At the time of passage, the Jagendorf protest was alive, and was sufficient to invoke the four-fifths rule. It follows that the amendment, being passed by less than four-fifths vote of the City Council, was invalid.

The judgment of the trial court is reversed. Judgment will be entered in this court declaring the amendment rezoning the Reddoch property from R-1 residential district classification to C-2 commercial district classification, passed by the City Council of Memphis on *January 15, 1974,* a nullity. Costs are adjudged against the City of Memphis and the Reddochs.

FONES, C. J., and BROCK, HENRY and HARBISON, JJ., concur.

## ON PETITION FOR READJUDGMENT OF COSTS

COOPER, Justice.

■ The City of Memphis has filed a Petition for Readjudgment of Costs, contending that the City's acts in this case

were not "of such a nature that the Court should adjudge costs against it." We find no merit in this position. While the property owners involved in the litigation had more at stake than the City, the City was a moving and interested party throughout the litigation, and it was its ordinance under attack and found to be void.

Petition denied. Costs incident to the filing of the petition are adjudged against the City of Memphis.

FONES, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.