E. JOSEPH DICARLO *vs.* PLANNING BOARD OF WAYLAND. November 30, 1984. *Subdivision Control,* Access ways.

Ruling that the Wayland planning board (board) had exceeded its authority in disapproving the plaintiff's proposed subdivision plan, a Superior Court judge ordered the board to approve the plan upon the plaintiff's complying with two conditions (G. L. c. 41, § 81BB). The judge found that there was adequate access to all the lots, including lots 1 and 2. In this appeal the board argues that it was justified in rejecting the plan because the plan shows inadequate access to those two lots. In addition, emphasizing that the plan submitted by the plaintiff was for a four-lot development, which did not include lots 1 and 2, the board argues that the judge's treatment

---

of the submission as an eight-lot development requires a remand. We hold that there must be a remand to the board because the plaintiff's submissions to that body never presented the question of access to lots 1 and 2 considered by the judge.

We turn to the plaintiff's submissions. The plaintiff at all times intended an eight-lot development. His first subdivision proposal (the 1980 plan) was rebuffed by the board on a number of grounds. One reason was that the plan proposed significant changes in grade which would create a steep slope on River Road, a public way. The slope, in the board's view, would prevent adequate access to two lots (lots 1 and 2) fronting on that road. The 1980 plan, as presented to the board, did not show an easement over other lots in favor of lots 1 and 2.

The plaintiff next filed two separate four-lot proposals. The first, filed in 1981, was for lots 1, 2, 3, and 8. As these lots had the required frontage on River Road and had practical access to that public way, no grading plan was submitted or required. The plan was endorsed "approval not required," a G. L. c. 41, § 81P, endorsement.[1]

The plaintiff's second four-lot submission, for lots 4, 5, 6, & 7 (the 1982 plan), showed all eight lots and included a grading plan, which would change the grade of lots 1 and 2 and deny those lots practical access to River Road. Unlike the 1980 plan, the 1982 plan showed a twenty-four foot easement over lots 4 and 5 in favor of lots 1 and 2 to a proposed subdivision road. It contained the following note: "Lots 1, 2, 3, & 8 are not part of the subdivision but are shown for area identification only."

The board had formally before it a subdivision of four lots, namely lots 4, 5, 6, and 7. The judge, nevertheless, in examining "the history and evidence in this case" and in analyzing the board's stated reasons for rejection,[2] found that the board has "in effect, considered the eight-lot subdivision as a whole." The judge, too, "consider[ed] all eight lots as one basic plan" and found that the plaintiff "has complied with and the Plan conforms to the Rules and Regulations of the Planning Board." The judge made a series of more specific findings of compliance, including the one now challenged,

---

[1] General Laws c. 41, § 81P, provides for such an endorsement if the plan does not show a subdivision. Under the definition of "subdivision" in G. L. c. 41, § 81L, as appearing in St. 1963, c. 580, "the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision within the meaning of the subdivision control law if, at the time when it is made, every lot within the tract so divided has frontage on (a) a public way . . . ."

[2] The primary reason for the board's rejection of the second four-lot plan was that the proposed excavation was "poor and inappropriate subdivision design and land use planning." (This ground was held to be without merit by the judge.) The board also stated that the proposed excavation of the lots in question "assumes incorrectly and inappropriately that similar excavation will occur on the adjoining lots 1, 2, 3 and 8." In holding this consideration to be "unreasonable," the judge noted the plaintiff's willingness to include lots 1, 2, 3, and 8 in the covenant as to grading and development.

namely: "the twenty-four [foot] easement as outlined in the Plan and the evidence provides lots 1 and 2 with adequate access out of the subdivision."

The board argues that there was no evidence before the judge warranting this finding and, indeed, those portions of the transcript relating to the adequacy of access are scant. We need not determine, however, whether the judge's finding was warranted, as we hold that in any event the question of access should, in the first instance, be determined by the board. *Strand v. Planning Bd. of Sudbury,* 5 Mass. App. Ct. 18, 22-23 (1977). The submissions and the board's 1982 decision show that the question of access to lots 1 and 2 under the easement was never considered by the board.

While the judge could easily conclude that the board looked at all eight lots in considering the proposed changes in grade, no similar inference can be drawn on the question of access. The 1980 plan did not contain the easements, and, in considering the plan for lots 4, 5, 6, and 7, there was no occasion for the board to look at access to lots 1 and 2. In light of G. L. c. 41, § 81M, and the evidence, it is not a foregone conclusion that the board will find that the easement[3] provides adequate access to lots 1 and 2. See *North Landers Corp.* v. *Planning Bd. of Falmouth,* 382 Mass. 432, 440-442, 446 (1981); *Chira* v. *Planning Bd. of Tisbury,* 3 Mass. App. Ct. 433, 440 (1975).

The plaintiff argues that a remand to the board is inappropriate as matter of law since lots 1 and 2 front on a public way. He claims that the stipulation that "the proposed grades of Lots 1 and 2 . . . would prevent practical access from Lots 1 and 2 to River Road" is irrelevant under § 81L. Our cases, however, are to the contrary. "[A] principal object of the law [G. L. c. 41, § 81M] is to ensure efficient vehicular access to each lot in a subdivision, for safety, convenience, and welfare depend critically on that factor." *Gifford* v. *Planning Bd. of Nantucket,* 376 Mass. 801, 807 (1978). See *McCarthy* v. *Planning Bd. of Edgartown,* 381 Mass. 86, 87-88 (1980). We have held that lots abutting a limited access highway do not have "frontage" on a way within the meaning of § 81L. *Hrenchuk* v. *Planning Bd. of Walpole,* 8 Mass. App. Ct. 949 (1979). While in *Gallitano* v. *Board of Survey & Planning of Waltham,* 10 Mass. App. Ct. 269, 272-273 (1980), a case relied on by plaintiff, we recognized that a planning board's authority is limited, we have also explained that "a board can properly deny . . . [approval] because of inadequate access, despite technical compliance with frontage requirements, where access is nonexistent for the purposes set out in § 81M." *Perry* v. *Planning Bd. of Nantucket,* 15 Mass. App. Ct. 144, 153 (1983) (no way existed on the ground although it was depicted on town plans). We hold, therefore, that the plaintiff cannot rely on the River Road frontage to preclude a remand on the question of access.

---

[3] We have no occasion to consider whether the easement conforms to the board's rules or comports with the statutory purpose of G. L. c. 41, § 81M.

We note that, although other issues dominated the trial, the defendant has only taken issue with the judge's finding as to access and has not challenged any of the other rulings contained in the judge's careful "Findings, Rulings and Order." Nor has the board suggested that it failed to consider any other question concerning an eight-lot subdivision because the 1982 submission related to only four of the eight lots.

The judgment is reversed, and the case is remanded to the Superior Court, which, in turn, is to remand the case to the board for a further public hearing and for a determination of the question of access to lots 1 and 2 on the 1982 plan.

*So ordered.*

*Kenneth S. May* for the defendant.
*Joseph L. McQuade* for the plaintiff.