DECISION
This matter is an appeal from a Zoning Board of Review for the Town of Smithfield (zoning board) decision sustaining the issuance of a building permit by the Town of Smithfield Building Official (building official). This Court possesses jurisdiction pursuant to R.I.G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
The factual findings of the zoning board essentially are not in dispute between the parties. See Town of Smithfield ZoningBoard of Review Decision, June 25, 1997 (decision). The plaintiffs, Arnold A. Waterman and Edna Waterman, are the owners of two parcels of land, Assessors Plat 8, Lots 26 and 26A, in the Town of Smithfield, Rhode Island. Contemporary Associates, a general partnership, and Alfred A. Constantino, general partner of Contemporary Associates (defendant) is the owner of a fourteen acre parcel of land, Assessors Plat 8, Lot 24A (lot), that abuts and intersects the aforementioned two lots owned by plaintiffs. On or about April 3, 1997, the defendant applied for a building permit for the construction of a single family residence on the lot. The lot has approximately thirty-two feet of frontage on Greenville Avenue in the Town of Johnston via a seven hundred foot lane that is a contiguous portion of the lot and over which the plaintiffs have a right-of-way easement to gain access to their two lots. The lot also has approximately seventy feet of legal frontage on Reaper Court in the Town of Smithfield. The road frontage on Reaper Court resulted from an approval by the Town of Smithfield of the Factory Pond subdivision which included the lot. The lot is bisected by a nontraversable ravine about fifty feet in depth that allows access via Reaper Court to only a small portion of the lot. The defendant applied for a building permit to construct the residence on the opposite side of the ravine from Reaper Court comprising the larger portion of the lot. The proposed residence would not have access to Reaper Court; however, the residence would have access to Greenville Avenue via the seven hundred foot lane.
The building official issued the building permit after concluding that the lot frontage on Reaper Court qualified as legal frontage for a buildable lot, and access to the proposed residence via the Greenville Avenue frontage did not violate any state law or town ordinance. The plaintiffs filed an appeal to the zoning board.
On June 25, 1997, the zoning board held a properly advertised public hearing. The zoning board heard testimony inter alia from James A. Haigh, a professional civil engineer and a qualified expert witness, and Alfred DeCorte, the building official. Mr. Haigh testified that the front portion of the lot located on Reaper Court contained an "extremely steep" ravine about fifty feet in depth with a stream at the bottom that prevents access to the back portion of the lot via the legal frontage on Reaper Court. Tr. at 14. Mr. Haigh also testified that a residence could be built on the small portion of the lot from the ravine to Reaper Court although he neither performed a survey analysis to determine the exact dimensions of a buildable area nor did he calculate the applicable setback requirements from the ravine or Reaper Court in reaching his conclusion. Tr. at 15. After reading the deed description of the lot, Mr. Haigh concluded that the seven hundred foot lane fronting Greenville Avenue [is] a "right of way to [the plaintiffs and is] part of the lot [as to the defendant]." Tr. at 24.
Mr. DeCorte testified before the zoning board and stated his reasons for approving and issuing the building permit to defendant. Mr. DeCorte, who has been the Town of Smithfield Building Official for the past seven years and previously the Town of Lincoln Building Official for four years, testified that he is familiar with the applicable state laws and zoning ordinances. Tr. at 41. Mr. DeCorte testified that the lot and building plans were in compliance with all state laws and town ordinances, and that it was proper for him to approve and issue the building permit. Tr. at 42-43. Mr. DeCorte also stated that the Town of Smithfield Zoning Ordinance § 7.1.1 (ordinance) contains
 "no language that jumps out at me and says you have to use that frontage for access. It says, `[e]very building hereafter erected or moved shall be on a lot adjacent to a street, and all structures shall be so located on lots as to provide safe and convenient access for servicing[,] fire protection and required off street parking.'"
Tr. at 43 (quoting Town of Smithfield Zoning Ordinance § 7.1.1); See Zoning Board Decision, supra. at Exhibit 2. Furthermore, Mr. DeCorte presented two letters from Kenneth E. Venables, Fire Chief, Smithfield Fire Department dated June 9, 1997 and April 2, 1997 that stated the Smithfield Fire Department will provide fire and rescue service to the lot via the access from Greenville Avenue. Tr. at 29-30; See Zoning Board Decision,supra. at Exhibits 4 and 5, respectively. After hearing testimony from all parties concerned, making factual findings, and resolving by unanimous vote to deny the plaintiffs' appeal and sustain the decision of the building official, the zoning board stated in its decision that the subject lot
 "has adequate road frontage on Reaper Court to deem it a buildable lot. The lot is adjacent to a town street. The location of the proposed structure on the lot is adequate to provide safe and convenient access for servicing and fire protection from Greenville Avenue. Section 7.1.1 of the Smithfield Zoning Ordinance does not require that the proposed building be serviced by the street being utilized for road frontage purposes."
Zoning Board Decision, supra. The instant appeal followed.
STANDARD OF REVIEW
This Court possesses appellate review jurisdiction of a zoning board of review decision pursuant to R.I.G.L. §45-24-69(D), that states
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The Superior Court justice, when reviewing the decision of a zoning board of review, must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v.Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citingDeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, No. 96-224-M.P., Slip Op. at 4. (R.I., filed Jan. 29, 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." (Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). This Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985); (quoting Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). Furthermore, our Supreme Court has stated that
 "[i]t is well-settled law in this state that a zoning board of review is presumed to have knowledge concerning those matters which are related to the effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered by this Court to constitute legal evidence sufficient to support a finding."
Charles Land Company v. Zoning Board of Review of the City ofEast Providence, 99 R.I. 161, 166, 206 A.2d 453, 455 (1965) (quoting Monforte v. Zoning Board of Review, 93 R.I. 447, 449,176 A.2d 726, 727 (1962)). When this Court is required to review the zoning board of review's interpretation of a zoning ordinance, the "ordinance, being in derogation of the common law, should be strictly construed and not applied to interfere with the beneficial use of property unless restriction appears on the face of the ordinance or by clear implication therefrom." City ofProvidence v. First National Stores, Inc., 100 R.I. 14,210 A.2d 656 (1965).
 ACCESS TO THE RESIDENCE VIA THE LEGAL FRONTAGE
The plaintiffs argue that the zoning board should not consider the road frontage on Reaper Court as the legal frontage for zoning purposes because the defendant does not intend to access the residence via Reaper Court but rather intends to access the residence via the frontage on Greenville Avenue. SeePlaintiffs' Memorandum of Law at 6 and 11; Zoning Board Decision,supra. "It is a well settled principle in this jurisdiction that the rules of statutory construction apply equally to the construction of an ordinance. (citations omitted)." Mongony v.Bevilacqua, 432 A.2d 661, 663 (R.I. 1981). Our Supreme Court has consistently stated that
 "[i]n construing a statute, this court is guided by the oft-repeated canons of statutory construction. When language of a statute is clear and unambiguous, there is nothing left for interpretation and the statute must be read literally. (citations omitted). . . . A statute should not be interpreted literally, however, even though clear and unambiguous, when such construction will lead to a result at odds with legislative intent. (citations omitted)."
Sugarman v. Lewis, 488 A.2d 709, 711 (R.I. 1985); see alsoMongony v. Bevilacqua, supra. Furthermore, "[i]t is well settled doctrine that when a statute is unambiguous and expresses a clear and sensible meaning, the work of construction is at an end and this meaning will be implemented in accordance with the plain language set forth. (citations omitted)." Dahl v. Begin,660 A.2d 730, 731 (R.I. 1995). When reviewing statutory language this Court will examine the "language, nature, and object (citations omitted)" of the statute and will "ordinarily give strict meaning to statutory definitions (citation omitted) . . . and may also resort to constructional aids. (citations omitted)" Town ofCharlestown v. Falcone, 560 A.2d 347, 348 (R.I. 1989); See alsoCity of Providence v. First National Stores, Inc., supra.
Under Rhode Island law the term lot frontage is defined as "[t]hat portion of the lot abutting a street. . . ." R.I.G.L. § 45-24-31 (42). The term front is defined as "the lot line separating a lot from a street right-of-way. . . ." R.I.G.L. § 45-24-31(43)(a). Moreover, the ordinance defines frontage
as "[t]hat portion of a lot abutting a street and measured along the street line on which the lot fronts; . . ." and definesstreet line as "[t]he line dividing a lot from any street, except a limited or controlled access highway to which the lot has no access."[1] Town of Smithfield Zoning Ordinance §§ 2.2.35 and 2.2(111). To resolve plaintiff's argument that the termfrontage implies required access to the residence via the legal frontage, this Court may look to the plain meaning of the term.Dahl v. Begin, supra. Black's Law Dictionary has defined the term frontage to mean "[l]inear distance of property along street, highway, river, or lake. Extent of front along road or street. Tzeses v. Barbahenn, 125 N.J.L. 643, 17 A.2d 539, 540 (sic). The line of property on a public street. Jagendorf v. City of Memphis, Tenn., 520 S.W.2d 333, 335 (sic). . . ." Black's LawDictionary 668 (6th Ed. 1990). After thorough review, this Court finds no language in the ordinance or R.I.G.L. §§ 45-23-32 and45-24-31 et al., either by definition or by clear implication, that would require property owners to have actual or potential access to a proposed residence site via the legal frontage or that would prevent access to the residence from other road frontage. This Court conscientiously finds that the zoning board had substantial evidence and sufficient knowledge to support its interpretation and proper administration of the ordinance as applied to the facts of this case. See Mendosa v. Corey, supra;Charles Land Company v. Zoning Board of Review, supra.
The plaintiff cites DiCarlo v. Planning Board of Wayland,471 N.E.2d 753 (1984); Annandale, Inc. v. Brienza, N.Y.S.2d 17 (1956); Perry v. Planning Board of Nantucket, 444 N.E.2d 389
(1983); Gifford v. Planning Board of Nantucket, 376 Mass. 801,383 N.E.2d 1123 (1978); and Hrenchuk v. Planning Board ofWalpole, 397 N.E.2d 1292 (sic), for the proposition that the ordinance or general laws require actual or potential access to the residence via the legal frontage.[2] These planning board cases cited by plaintiff, which are not binding upon this Court, lack persuasive authority because they are distinguished both factually and legally from the present issue. Furthermore, the plaintiffs' reliance on these cases is premised upon this Court initially determining that the ordinance or general laws require actual or potential access to the residence via the legal frontage.
This Court finds that the testimony of the building official stating the lot and proposed construction complied with all state laws and town ordinances, the letters from the Smithfield Fire Department agreeing to provide service via the Greenville Avenue access, and the zoning board's presumed knowledge in interpreting its ordinance constituted substantial evidence for the zoning board to deny plaintiffs' appeal.
The plaintiff additionally argues that the 1974 Superior Court decision of Hanaway v. Ralph Pari, C.A. No. PC72-2953 (1974) is
 "determinative of the issues in the case now before the court unless there are factual changes or compliance. The case stands for the proposition that there must be legal access other than the right of way to Greenville Avenue in order for a residence to be constructed. Although there is a factual change in that the property now borders on Reaper Court, there is still no access and therefore the Hanaway case should control."[3]
Plaintiffs' Memorandum of Law at 10. Alternatively, the zoning board and defendant argue that the Hanaway, supra, decision is not dispositive of the issue now before the Court because that decision addressed the issue of whether the zoning board applied the proper standard in granting a non-use restriction variance to construct a residence on the lot. This Court is not now presented with that issue because the defendant did not, and need not, seek "[p]ermission to depart from the literal requirements of a zoning ordinance . . . ." but rather the building official determined that the defendant has complied with the zoning ordinance requirements by gaining legal frontage on Reaper Court. Quoting
R.I.G.L. § 45-24-31(61) (Definition of variance).[4] The plaintiffs' reliance on Hanaway, supra, is misplaced.
After review of the entire record, this Court denies plaintiffs' appeal and sustains the decision of the Town of Smithfield Zoning Board of Review. This Court finds that the decision of the zoning board is supported by reliable, probative, and substantial evidence and is not affected by error of law. The findings, inferences, conclusions, and decision of the zoning board do not prejudice substantial rights of the plaintiffs and are not in violation of the ordinance or R.I.G.L. §45-24-69(D).
Counsel shall present the appropriate judgment for entry.
[1] A street, limited access highway, is defined as "[a] freeway or expressway providing for through traffic. Owners . . . of abutting property on lands . . . [that] have no legal right to access." R.I.G.L. § 45-23-32(45). The lot has access, "[a]n adequate and permanent way of entering a lot (emphasis added)," via Reaper Court and Greenville Avenue although the Reaper Court access does not extend to the residence. R.I.G.L. §45-23-32(42). Reaper Court and Greenville Avenue are each astreet defined as "[a] public or private thoroughfare used, or intended to be used, for passage or travel by motor vehicles." R.I.G.L. § 45-23-32(41).
[2] The plaintiff argues that these planning board cases are relevant to the issue before the Court because
"if a planning board allows and approves a development which is in violation of a zoning ordinance, action can be taken by abutting owners prohibiting construction of the residences on the grounds that there has not been compliance with the zoning ordinance. . . . Merely because a planning board has approved a plat does not mean that a lot owner may place his structure anywhere he pleases on that lot. He must comply with the zoning regulations as to side lot lines, rear lot lines, etc. as well as accessibility under the terms of 7.1.1 on the Smithfield Zoning Ordinance." Plaintiffs' Memorandum of Law at 7-8.
[3] In Hanaway, supra, the applicant applied for a non-use restriction variance from the ordinance that required the lot "to have a minimum street frontage of 150 feet." Hanaway, supra at 2-3. At the time of this decision, the lot did not have street frontage on Reaper Court and only had street frontage on Greenville Avenue that did not meet the 150 foot requirement. Actually, the Court held that
"[i]t is apparent from the written decision of the Zoning Board that the application was not considered in the light of the test established by the Supreme Court. . . . The only issue before the Zoning Board was whether the street frontage requirement should be waived in this case. In making that determination the Zoning Board had to apply the standard required by law. This it did not do and, therefore its decision is erroneous as a matter of law." Id. at 6.
[4] Judge Laguex stated that "[i]t is evident that the applicant's proposed use of the premises was permissible under the Ordinance. One may erect a one family residence [on the lot]. . . . [The applicant's] only impediment to so using thereal estate in question was the requirement under the [ordinance]that there be 150 feet of frontage on a street on at least oneside of the property. (emphasis added.)" Id. at 4. The defendant now has met this requirement by obtaining legal frontage on Reaper Court. Moreover, the plaintiff stipulates that the frontage on Reaper Court technically meets the legal frontage requirement under the ordinance. See Plaintiffs' Memorandum ofLaw at 6.